## SMITH v. BOWLES, Price Administrator.

### No. 83.

United States Emergency Court of Appeals.
Heard at Birmingham March 21, 1944.

Decided April 21, 1944.

Motion to Amend Judgment Denied
May 27, 1944.

James Forman Smith, of Montgomery, Ala., complainant, pro se.

Charles P. Liff, Atty., of Washington, D. C. (Henry M. Hart, Jr., Acting Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Sol M. Linowitz, Chief, Court Review Rent Branch, and Harry H. Schneider, Atty., Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

The complainant is the owner of housing accommodations in the Talladega Defense-Rental Area, which on April 1, 1941, the maximum rent date, were rented at $8 per month, the tenant being obligated to make ordinary repairs. In his registration statement filed under Maximum Rent Regulation No. 26 the complainant stated the maximum rent to be $10 per month, the higher figure being based on the ground that it was the first rent charged after his accommodations had been substantially changed by a major capital improvement made after the maximum rent date but prior to the effective date of the Regulation. The alleged improvement consisted of a new privy built at a cost of $35 to $40.

Thereafter the Regional Rent Executive, acting for the Area Rent Director who was disqualified because the complainant was a member of his staff, initiated a proceeding to adjust the maximum rent on the ground that the alleged capital improvement was "merely replacement of the housing accommodations". After considering objections and evidence filed by the complainant the Regional Rent Executive entered an order finding that the new privy did not constitute a major capital improvement and establishing the complainant's maximum rent at $8, the amount charged on the maximum rent date.

The complainant then filed with the Regional Administrator for the Fourth Region an application for review of this order. This was denied by the Regional Administrator. Thereupon the complainant filed with the Price Administrator a protest against the Regional Administrator's action. In considering this protest the Price Administrator incorporated into the record an affidavit of one of his regional field representatives and the complainant submitted his own affidavit as to the facts in dispute. Thereafter the Price Administrator issued his order denying the protest and accompanied it with an opinion setting forth his reasons for that action. The filing of the present complaint in this Court followed.

The complainant has raised strenuous objections to the propriety of the proceeding instituted in his case by the Regional Rent Executive. Our examination of the record fails to sustain these objections. But we do find that the Price Administrator in disposing of the complainant's protest failed to consider de novo the questions raised by it and this we regard as

such a failure to comply with the law as requires us to set aside his order denying the protest.

In his opinion the Price Administrator said:

"While the evidence is in sharp conflict as to whether the new outhouse was superior to the old, the record is sufficient to support the finding upon which the original order was made and the affirmance thereof by the Regional Administrator. Thus it follows that the rent charged on the maximum rent date was correctly declared to be the maximum legal rent in accordance with the applicable provisions of the Regulation."

■ The Price Administrator thus plainly indicated that his denial of the protest was not based upon a new appraisal by him of the merits of the controversy but was the result of his conclusion that the exercise of judgment involved in the original order was supported by the record. The Administrator was here following a familiar type of appellate review, in fact the type which the Emergency Price Control Act, 50 U.S.C.A.Appendix § 901 et seq., prescribes for this Court. We do not think, however, that the Act intended that the Administrator should act upon a protest in this fashion. On the contrary we are satisfied that in acting upon a protest against a regulation or order it is his duty to consider the regulation or order de novo in the light of all the economic data or other facts in his possession or of which he has taken official notice, including such new or additional evidence as may be in the record before him, and upon such reconsideration to dispose of the protest in such way as may then appear to him to be just and appropriate under the Act.

This conclusion is borne out by the provisions of the Act which authorize new evidence to be presented to the Price Administrator in a protest proceeding. It also follows from the fact that the protest procedure is one of the basic safeguards which the Act affords to individuals adversely affected by the Administrator's regulations and orders. It is through the protest procedure that a person aggrieved by a regulation or order obtains that hearing of his grievance which the due process clause of the fifth amendment guarantees. Yakus v. United States, 1944, 64 S.Ct. 660; Bowles v. Willingham, 1944, 64 S.Ct. 641. Likewise it is through the protest procedure that the Administrator is enabled to reconsider in the light of their actual impact upon particular industries and individuals the propriety of regulations and orders previously issued by him.

■ We do not overlook the fact that the protest in the present case was directed to an order making a specific rent adjustment and not to a regulation or order of general applicability. It is true that the considerations to which we have adverted apply with greatest force to protests directed to regulations and orders of the latter type. But the Price Administrator has considered those orders which are made in cases of individual rent adjustment under a maximum rent regulation to be orders under Section 2 of the Act and has accordingly by his Revised Procedural Regulation No. 3 (8 F.R. 526) issued under the authority of Section 203(a) made the protest procedure of that section available to persons aggrieved by such orders.[1] Since the order in such a case is always made by a subordinate, the rent director of the defense-rental area in question, and is reviewed by another subordinate, the regional administrator of the appropriate region, it is quite fitting that in these cases also the Price Administrator should reconsider the order when it comes before him by protest. It is only fair to add that counsel for the Administrator at the hearing in this case stated that the Administrator has construed the Act as requiring him to give such de novo consideration to protested regulations and orders. In the present case, however, his opinion indicates that he failed to follow this course.

The order denying the complainant's protest is set aside and the cause is remanded to the Price Administrator with directions to reconsider the protest and to make such disposition of it as on the whole record may be appropriate and just.

[1] Compare Armour & Co. of Delaware v. Brown, Em.App.1943, 137 F.2d 233, 235.