**150 EAST 47TH STREET CORPORATION
v. PORTER, Price Adm'r.**

**No. 349.**

United States Emergency Court of Appeals.

Submitted July 2, 1946.

Decided July 8, 1946.

Messrs. Henry N. Rapaport and Rapaport Brothers, all of New York City, for complainant.

Mr. Richard H. Field, General Counsel, Office of Price Administration, of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY and LAWS, Judges.

MARIS, Chief Judge.

The complaint in this case was filed by the complainant on June 19, 1946, under Section 204(e) of the Emergency Price Control Act of 1942, as amended, with leave of the Municipal Court of the City of New York. The complainant asks this court to set aside and declare invalid ab initio an order of the Area Rent Director of the New York City Defense-Rental Area issued on March 27, 1946, which decreased the maximum rent of complainant's apartment 3C at 150 East 47th Street, New York City, from $85.00 per month to $67.50 per month, effective retroactively from October 1, 1945. The complaint states that the complainant collected from the tenant of the apartment an overage as computed under the order amounting to $105.00 and made no refund thereof. It further states that the tenant, Raine C. Burnett, on May 9, 1946, brought an action against the com-

plainant in the Municipal Court of the City of New York to recover the excess rent thus paid and that on June 11, 1946, a judgment was entered in that action against the complainant in the sum of $118.30. Since under section 204(d)[1] of the act the Municipal Court has no power to consider the complainant's defense of invalidity of the Area Rent Director's order the complainant, pursuant to Section 204(e),[2] sought and on June 12, 1946, obtained from that court leave to file the present complaint in

[1] "(d) * * * Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, * * *."

[2] "(e) (1) Within thirty days after arraignment, or such additional time as the court may allow for good cause shown, in any criminal proceeding, and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 of this Act or section 37 of the Criminal Code, involving alleged violation of any provision of any regulation or order issued under section 2 or of any price schedule effective in accordance with the provisions of section 206, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated or conspired to violate. The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203(a). Upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, or price schedule complained of or to dismiss the complaint. The court may authorize the introduction of evidence, either to the Administrator or directly to the court, in accordance with subsection (a) of this section. The provisions of subsections (b), (c), and (d) of this section shall be applicable with respect to any proceeding instituted in accordance with this subsection.

"(2) In any proceeding brought pursuant to section 205 of this Act or section 37 of the Criminal Code, involving an alleged violation of any provision of any such regulation, order or price schedule, the court shall stay the proceeding—

"(i) during the period within which a complaint may be filed in the Emergency Court of Appeals pursuant to leave granted under paragraph (1) of this subsection with respect to such provision;

"(ii) during the pendency of any protest properly filed by the defendant under section 203 prior to the institution of the proceeding under section 205 of this Act or section 37 of the Criminal Code, setting forth objections to the validity of such provision which the court finds to have been made in good faith; and

"(iii) during the pendency of any judicial proceeding instituted by the defendant under this section with respect to such protest or instituted by the defendant under paragraph (1) of this subsection with respect to such provision, and until the expiration of the time allowed in this section for the taking of further proceedings with respect thereto.

"Notwithstanding the provisions of this paragraph, stays shall be granted thereunder in civil proceedings only after judgment and upon application made within five days after judgment. Notwithstanding the provisions of this paragraph, in the case of a proceeding under section 205 (a) the court granting a stay under this paragraph shall issue a temporary injunction or restraining order enjoining or restraining, during the period of the stay, violations by the defendant of any provisions of the regulation, order, or price schedule involved in the proceeding. If any provision of a regulation, order, or price schedule is determined to be invalid by judgment of the Emergency Court of Appeals which has become effective in accordance with section 204 (b), any proceeding pending in any court shall be dismissed, and any judgment in such proceeding vacated, to the extent that such proceeding or judgment is based upon violation of such provision. Except as provided in this subsection, the pendency of any protest under section 203, or judicial proceeding under this section, shall not be grounds for staying any proceeding brought pursuant to section 205 of this Act or section 37 of the Criminal Code; or, except as provided in this subsection, shall any retroactive effect be given to any judgment setting aside a provision of a regulation or order issued under section 2 or of a price schedule effective in accordance with the provisions of section 206."

this court and a stay of proceedings during the pendency of the proceeding in this court.

Alleging that the complainant had failed to annex to the complaint a true copy of its application to the Municipal Court for leave to file the complaint, as required by Rule 11(c) of this court, 50 U.S.C.A.Appendix following section 924, the Price Administrator on June 27, 1946, filed a motion to dismiss the complaint. On June 29, 1946 the complainant filed a motion for leave to amend the complaint by annexing thereto a true copy of the order of the Municipal Court to show cause and the annexed affidavit which constituted the complainant's application for leave to file the complaint and asked that the motion to dismiss the complaint be denied. On July 2, 1946 the Administrator filed an answer to the complainant's motion stating that he did not object to the amendment of the complaint and consented to the denial of his motion to dismiss if the amendment was permitted. Accordingly the motion for leave to amend the complaint ought to be granted and the motion to dismiss the complaint denied if it be that this court continues in existence after June 30, 1946, the termination date of the Emergency Price Control Act of 1942 as amended, with judicial power to hear and determine the present complaint. We therefore proceed to consider that question.

Section 1(b) of the act, which provides for its termination, is as follows: "(b) The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1946, or upon the date of a proclamation by the President, or upon the date specified in a concurrent resolution by the two Houses of the Congress, declaring that the further continuance of the authority granted by this Act is not necessary in the interest of the national defense and security, whichever date is the earlier; except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

It will at once be observed that it is expressly provided that the provisions of the act and all regulations, orders, price schedules and requirements thereunder, shall be treated as remaining in force after June 30, 1946, for the purpose of sustaining any proper suit, action, or prosecution with respect to offenses committed, or rights or liabilities incurred, prior to that date. Among the provisions of the act are those paragraphs of section 204 which create this court, provide for its organization and operation, and confer jurisdiction upon it to hear and determine complaints objecting to regulations and orders issued under section 2 of the act.[3] Are these provisions to be treated as still remaining in force for the purpose of enabling this court to hear and determine complaints of the character of the one now before us? The answer to this question obviously depends upon whether the complainant's suit in this court is, within the meaning of section 1(b), a proper suit with respect to an offense committed or a right or liability incurred prior to June 30, 1946.

The facts of the case, already stated, make the answer clear. The complainant incurred a liability of $105.00 under the act prior to June 30, 1946. That liability was on June 11, 1946 fixed by the judgment in the Municipal Court of the City of New York. Section 204(d) of the act prevented the complainant from setting up the invalidity of the order under which the liability arose as a defense in the suit in the Municipal Court. Section 204(e), however expressly authorized the complainant, with leave of the Municipal Court, to litigate the question of validity in this court, as by the present suit it is doing, and to secure a stay of proceedings, and, in case

[3] The order of the Area Rent Director here in question was issued under the Rent Regulation for Housing in the New York City Defense-Rental Area, a regulation issued under section 2(b) of the act. The order was, therefore, itself one issued under section 2 within the meaning of section 204. Smith v. Bowles, Em. App., 1944, 142 F.2d 63.

the order should be determined by this court to be invalid, expressly provided that any judgment against it based upon violation of the invalid order should be vacated.[4] As we pointed out in Conklin Pen Co. v. Bowles, 152 F.2d 764, 766 (1946), a case brought in this court under section 204(e) is in reality ancillary to the litigation against the complainant in the enforcement court which has granted leave to bring it. Its primary purpose is to enable the complainant to establish the invalidity of the regulation or order involved in that litigation as a bar to the claim asserted in the enforcement court. Except for the prohibition of section 204(d) the defense could and would have been established in the enforcement court. We think it beyond doubt that the suit now before us is a proper suit with respect to a liability incurred under the act prior to its termination date, within the meaning of section 1(b). Since it is obvious that the suit cannot be sustained unless this court continues in existence with power and facilities to hear and determine it, the conclusion is inescapable that the provisions of section 204 of the act remain in force after June 30, 1946 to the extent necessary for that purpose.

We take note of the fact that there are now pending in this court some 12 other complaints filed under section 204(e) of the act. These exhibit varying fact patterns but each of them is basically similar to the one now before us in that it is ancillary to a proceeding pending in some enforcement court with respect to an offense committed or a right or liability incurred under the act prior to June 30, 1946. We also note that among the complaints filed under section 204(a) and now pending in the court are a number which are likewise similar in this respect to the present complaint since they disclose the existence of a criminal prosecution or suit for treble damages against the complainant pending in another court based upon the alleged violation of the regulation or order which the complainant seeks to have this court declare invalid.

We held in Montomery Ward & Co. v. Bowles, Em.App., 1945, 147 F.2d 858, 861, that in such a case brought under section 204(a) this court is empowered to declare the invalidity of a regulation or order as of a time in the past when the complainant is alleged to have violated it even though no prospective relief is sought. Since a judgment in this court in such a case declaring the regulation or order invalid would under section 204(e) (2)[5] afford a basis for dismissing any proceeding in any other court and vacating any judgment therein based on the violation of such regulation or order it would seem clear that such a suit filed in this court under section 204(a) seeking retroactive relief is likewise a proper suit with respect to an offense committed or liability incurred under the act prior to June 30, 1946.

We are the more persuaded that the construction which we have placed upon the language of section 1(b) is correct because it carries out the evident intent of Congress that offenses against the act prior to June 30, 1946 shall be prosecuted and rights obtained and liabilities incurred thereunder prior to that date shall be determined by suit under the provisions of the act just as if it had not terminated. The act was drawn upon the principle that exclusive jurisdiction to pass upon questions of validity should center in this court and the Supreme Court. There is no suggestion in section 1(b) that this statutory plan was to be changed with respect to litigation pending after the act's termination date and that the complex relationship between enforcement proceedings in other courts and review proceedings in this court provided by section 204 was then to be abandoned.

It may be suggested that the exclusive jurisdiction clause of section 204(d) terminated on June 30, 1946, and that, therefore, courts in which enforcement proceedings are pending are now authorized to determine the validity of the regulation and orders involved in such proceedings. If true this would not affect the power of this court under the saving clause of section 1(b) to hear and determine a case such as the one before us which relates to an offense committed or a liability incurred prior to June 30, 1946, but would merely render our jurisdiction concurrent rather

[4] See note 2.

[5] See note 2.

than exclusive. We, therefore, need not pass on this question. Nonetheless we think that it is very doubtful whether, in pending actions, the enforcement courts could now be vested with jurisdiction broader than that given them by statute when the enforcement proceedings pending before them were begun. And where, as here an enforcement action has gone to judgment before June 30, 1946 it is even more doubtful whether it could now be reopened for trial on the issue of validity. These considerations are particularly significant in a suit like the one against the present complainant in the Municipal Court the sole basis for which was section 205(e) of the act.

For all the reasons stated we conclude that the provisions of section 204 of the act which establish this court, provide for its organization and operation and define its jurisdiction and powers remain in force after June 30, 1946 for so long a time as may be necessary to enable the court to hear and determine all proper suits within its jurisdiction in which retrospective declarations of invalidity are sought with respect to regulations or orders the violation of which prior to June 30, 1946 has formed the basis for prosecutions or suits in other courts.

Since we have power to act in the present case an order will be entered granting leave to amend the complaint and denying the motion to dismiss it.