## 150 EAST FORTY–SEVENTH STREET CORPORATION v. PORTER, Price Administrator.

### No. 349.

United States Emergency Court of Appeals.

Submitted Oct. 9, 1946.

Decided Oct. 28, 1946.

Henry N. Rapaport and Rapaport Brothers, all of New York City, for complainant.

Richard H. Field, Gen. Counsel, Office of Price Administration, of New York City, for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

This suit was begun by the filing of a complaint in this court with leave of the Municipal Court of the City of New York under Section 204(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 924(e). See our prior opinion in the case. 156 F.2d 541. On September 30, 1946, pursuant to applications previously filed, the court granted both parties leave to introduce written evidence consisting largely of the Price Administrator's file in the proceeding which terminated in the order here sought to be set aside. Our order directed the parties to present their evidence directly to the court within twenty days. Within the time limited the Administrator moved to amend our order so as to direct the evidence to be presented to him in the first instance. He called attention to the fact that he had not requested the evidence to be presented directly to the court but instead expressly requested that it be presented to him. He asserts that under these circumstances this court was obliged to comply with his request and was without power to order the evidence presented directly to it.

To decide the question thus raised we must consider the relevant provisions of the Emergency Price Control Act, as amended. Since this case arises under Section 204(e) we turn first to that subsection. The only provision of that subsection having to do with the introduction of evidence is contained in the following sentence:

"The court may authorize the introduction of evidence, either to the Administrator or directly to the court, in accordance with subsection (a) of this section."

It will be seen that the subsection expressly empowers the court to authorize the introduction of evidence either to the Administrator or directly to the court. The Administrator argues that this does not confer upon the court discretion as to the choice between the two alternatives but that this choice must be made, under the express mandate of the provision, "in accordance with subsection (a)."

We turn, then, to subsection (a) of Section 204 for light as to the meaning of this reference. That subsection relates to complaints filed in this court following the denial by the Administrator of the complainant's protest against the regulation or order sought to be set aside. The last two sentences of the subsection contain the only references to the introduction of evidence. They are as follows:

"If application is made to the court by either party for leave to introduce *additional* evidence *which was either offered to the Administrator and not admitted, or which could not reasonably have been offered to the Administrator or included by the Administrator in such proceedings,* and the

court determines that such evidence should be admitted, the court shall order the evidence to be presented to the Administrator. The Administrator shall promptly receive the same, and such other evidence as he deems necessary or proper, and thereupon he shall certify and file with the court a transcript thereof and any modification made in the regulation, order, or price schedule as a result thereof; except that on request by the Administrator, any such evidence shall be presented directly to the court." [Italics supplied]

The language which we have italicized obviously cannot apply to a case, such as one brought under Section 204(e), in which there has been no prior opportunity to offer evidence to the Administrator. The remainder of the quoted portion of subsection (a) is directed solely (1) to providing that upon application if the court determines that evidence should be admitted it shall order it to be presented to the Administrator unless that official requests that it be presented directly to the court, and (2) to setting forth the procedure to be followed by the Administrator when evidence is ordered presented to him.

When Congress in Section 204(e) provided that the court "may authorize the introduction of evidence, either to the Administrator or directly to the court, in accordance with subsection (a)" it must have meant in accordance with the provisions of subsection (a) to which we have just referred since there are no other provisions of that subsection which could possibly have any application. These provisions clearly give to the Administrator the option of receiving in the first instance evidence intended ultimately to be presented to the court and they deprive the court of any discretion in the matter. We accordingly are constrained to agree with the Administrator that in the light of these provisions of subsection (a) the provision of subsection (e) in question must be construed as though it read:

"The court may authorize the introduction of evidence to the Administrator or, on his request, directly to the court. When evidence is ordered presented to the Administrator he shall promptly receive the same, and such other evidence as he deems necessary or proper, and thereupon he shall certify and file with the court a transcript thereof and any modification made as a result thereof in the regulation, order or price schedule sought to be set aside."

An order will be entered granting the respondent's motion to amend the order entered September 30, 1946.