WOODS, HOUSING EXPEDITER, v. HILLS.

No. 437. Argued January 14, 1948.—Decided May 10, 1948.

*John R. Benney* argued the cause for the Administrator. With him on the brief were *Solicitor General Perlman, Ed Dupree* and *Nathan Siegel.*

By special leave of Court, *George D. Rathbun, pro hac vice,* argued the cause and filed a brief for Hills.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

In this case, the Court of Appeals for the Tenth Circuit has certified questions of law concerning which it asks instructions for the proper decision of the cause pending in that court.   Judicial Code, § 239; 28 U. S. C. § 346.

The certificate states that this is an action brought by the Administrator for treble damages and for an injunc-

tion under § 205 of the Emergency Price Control Act[1] and under the Rent Regulation for Housing.[2]  Hills, the defendant below, remodeled apartments located in a Defense Rental Area, subject to the Rent Regulations, and duly registered them.  Thereafter, on December 17, 1943, the maximum rents were reduced by the Area Rent Director pursuant to § 5 (c) of the Regulation; and on March 7, 1945, the Rent Director issued an order further reducing the maximum rents.

On trial in the District Court without a jury, the parties stipulated that the only issue was the validity of the second order.  The District Court entered judgment for the defendant on October 29, 1946, holding that the burden was on the Administrator to establish the validity of the second order and that he had failed to introduce proof establishing its validity.

At the time the District Court entered its judgment, exclusive jurisdiction to pass on the validity of a regulation or order issued by the Administrator was vested in the Emergency Court of Appeals and in this Court upon review of judgments and orders of the Emergency Court. § 204 (d), 50 U. S. C. A. App. § 924 (d).  However, the appeal by the Administrator from the judgment of the District Court was not submitted in the Circuit Court of Appeals until September 10, 1947, and the Emergency Price Control Act expired by its terms on June 30, 1947. § 1 (b), 50 U. S. C. A. App. § 901 (b).

The questions certified are as follows:

"(1) On remand, will the District Court of the United States for the District of Kansas, First Division, have jurisdiction to determine the validity of

---

[1] As amended, 50 U. S. C. A. App. §§ 901, 925.

[2] As amended, 8 Fed. Reg. 7322.

the second rent order and should we direct the District Court to pass on the validity of such rent order?

"(2) If the first question is answered in the negative, does the Emergency Court of Appeals still have jurisdiction to determine the validity of the second rent order?

"(3) If the second question is answered in the affirmative, and this court remands the cause with directions to enter judgment as prayed for against Hills, may Hills, under Sec. 204 (e) of the Emergency Price Control Act of 1942, as amended (50 U. S. C. A. App., Sec. 924 (e)), apply to the District Court for leave to file in the Emergency Court of Appeals a complaint against the Administrator, setting forth objections to the validity of the second rent order, and, upon proper petition and showing, obtain the relief provided for in Sec. 204 (e), and should we so direct on remand?"

There can be no doubt that the exclusive jurisdiction conferred on the Emergency Court of Appeals by § 204 (d)[3] precluded the District Court in 1946 from de-

_____

[3] ". . . The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provisions of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision." 56 Stat. 33.

termining the validity of the individual rent order even though the defense to the action brought there was based on the alleged invalidity of the order.[4]

The Emergency Price Control Act was to terminate on June 30, 1947. Section 1 (b), which fixed that date, expressly provides that "as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." 56 Stat. 24. Since the offense complained of in the case at bar occurred before the termination date, § 1 (b) would apply and the Emergency Court of Appeals would still have exclusive jurisdiction to pass on the validity of the second rent order, if additional prerequisites set forth in § 204 (e) (1) of the statute were satisfied.[5]

Jurisdiction of the Emergency Court of Appeals over any complaint arises, pursuant to § 204 (e) (1), when the court in which a civil or criminal enforcement proceeding is pending has granted the defendant leave to file in the Emergency Court of Appeals a complaint setting forth objections to the validity of any provision which the defendant is alleged to have violated, and the defendant has duly filed such a complaint. Prior to a 1947 amendment, § 204 (e) (1) provided that "Within thirty days after arraignment, or such additional time as the court may allow for good cause shown, in any criminal proceed-

---

[4] See *Bowles* v. *Willingham*, 321 U. S. 503, 510–511, 521 (1944); *Yakus* v. *United States*, 321 U. S. 414 (1944).

[5] Cf. *150 East 47th Street Corp.* v. *Porter*, 156 F. 2d 541 (E. C. A., 1946). Moreover, the terms of a 1947 amendment, discussed *infra*, pp. 215–217, clearly show congressional recognition that this exclusive jurisdiction continued after the termination date.

ing, and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 of this Act or section 37 of the Criminal Code, involving alleged violation of any provision of any regulation or order issued under section 2 or of any price schedule effective in accordance with the provisions of section 206, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated or conspired to violate. The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203 (a).[6] Upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, or price schedule complained of or to dismiss the complaint. . . ." 59 Stat. 308.

However, the Supplemental Appropriation Act, 1948, approved July 30, 1947, amended § 204 (e) by striking out the first sentence of the foregoing provision and substituting the following: "Within sixty days after the date of enactment of this amendment, or within sixty days after arraignment in any criminal proceedings and within sixty days after commencement of any civil pro-

---

[6] Section 203 (a) provides *inter alia* for the filing of protests to rent orders issued by the Administrator at any time after issuance. The denial by the Administrator of such a protest is reviewable by a complaint filed in the Emergency Court of Appeals pursuant to § 204 (a).

ceedings brought pursuant to section 205 of this Act or section 37 of the Criminal Code, involving alleged violation of any provision of any regulation or order issued under section 2 or alleged violation of any price schedule effective in accordance with the provisions of section 206 with respect to which responsibility was transferred to the Department of Commerce by Executive Order 9841,[7] the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated or conspired to violate." 61 Stat. 619.

Since responsibility for functions with respect to rent control was transferred by Executive Order 9841 to the Housing Expediter rather than to the Department of Commerce, the necessary effect of the foregoing amendment is to eliminate entirely the statutory right the defendant in the present case previously had to apply to the District Court for leave to file a complaint in the Emergency Court of Appeals. As a corollary, the latter court can no longer acquire jurisdiction pursuant to § 204 (e) over any complaint which defendant may desire to file with it to contest the validity of the second rent order.

We may now consider what effect the 1947 amendment, thus viewed, has upon the "exclusive jurisdiction" provision in § 204 (d), which was preserved by the saving clause of § 1 (b). If elimination of the complaint procedure of § 204 (e) as a remedy for those seeking to challenge rent orders meant the elimination of all provision for review by the Emergency Court of Appeals, it might be argued that preservation of the ban imposed by

---

[7] 12 Fed. Reg. 2645.

§ 204 (d) on district court adjudication of the validity of rent orders would be a denial of due process to a defendant charged with a violation of an order.

However, the 1947 amendment left unimpaired the provision in § 203 (a) for review of rent orders by filing protests with the Administrator (*i. e.,* the Housing Expediter, as transferee of the Administrator's rent control functions). A denial of such a protest may be reviewed in the Emergency Court of Appeals by filing a complaint pursuant to § 204 (a). Prior to an amendment added by the Stabilization Extension Act of 1944, protests could be filed under § 203 (a) only within a period of sixty days after the issuance of the regulation or order sought to be challenged. Under the 1944 amendment, which is preserved unchanged for rent orders, this period was extended so that protests can be filed "At any time after the issuance" of the regulation or order, although the 1947 amendment expressly takes cognizance of the right of the United States or any officer thereof to dismiss any protest under § 203 on the ground of laches.[8]

Thus, it appears that the Emergency Court of Appeals may still be able to acquire jurisdiction to review rent orders, issued under the Price Control Act, by means of the protest and complaint procedure of §§ 203 (a) and 204 (a). Accordingly, the exclusive jurisdiction provision in § 204 (d) is not a meaningless anomaly so far as review of rent control orders is concerned, and it remains as substantial a barrier to review of the second rent order by the District Court as it was held to be in *Yakus* v. *United States,* 321 U. S. 414 (1944). There this Court

---

[8] ". . . Nothing herein shall be construed as in any way affecting the right of the United States or any officer thereof to dismiss any protest under section 203 of the Emergency Price Control Act of 1942, as amended, or defend against any complaint under section 204 (e) of such Act on the ground of laches." 61 Stat. 619.

ruled that defendants could not attack the validity of price regulations in a prosecution in a District Court even though the Emergency Price Control Act as then drawn made no provision for review by the complaint procedure later set up under § 204 (e) (and now abandoned so far as rent orders are concerned). The only judicial review then available required as a preliminary the filing of a protest to the Administrator under § 203 (a) within sixty days after the promulgation of the order or regulation. That statutory review procedure, whose constitutionality was upheld in the *Yakus* case, is still preserved to defendants charged with violations of rent orders issued under the Emergency Price Control Act of 1942.[9] If anything, the judicial review still available to such defendants is even broader than the procedure sustained in the *Yakus* case, since the sixty-day limitation on the filing of protests no longer applies to rent orders.

In view of the foregoing, we answer question (1) in the negative. In answer to question (2), the Emergency Court of Appeals no longer has jurisdiction pursuant to § 204 (e) to determine the validity of the second rent order.

---

[9] Of course the District Court can withhold judgment so that it may give effect to any determination by the Housing Expediter or the Emergency Court of Appeals that might result from the defendant's pursuit of this remedy.