**KIBRICK REALTY CORPORATION v. WOODS, Housing Expediter.**

**No. 460.**

United States Emergency Court of Appeals.

Submitted July 30, 1948.

Decided Aug. 16, 1948.

Henry N. Rapaport and Rapaport Brothers, all of New York City, for complainant.

Ed Dupree, Gen. Counsel and Charles P. Liff, Chief Appeals Section, Office of the Housing Expediter, both of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

On December 22, 1947, Kibrick Realty Corporation filed its complaint in this court against the Housing Expediter seeking a declaratory judgment that an order of the Area Rent Director of the New City Defense-Rental Area was invalid which fixed the maximum rent as of November 1, 1943, of a certain housing accommodation belonging to the complainant in Long Beach, New York. In a suit brought under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended,[1] by the tenant of the housing accommodation in question for violation of the order a judgment for treble damages against the present complainant was recovered in the City Court of the City of New York. The complaint of Kibrick Realty Corporation was filed in this court on December 22, 1947, after leave to file it had been given by the City Court purportedly pursuant to Sec. 204(e) of the Emergency Price Control Act of 1942, as added by the Stabilization Extension Act of 1944.[2] The pertinent portion of Sec. 204(e) as amended and in force immediately prior to July 30, 1947, was as follows:

"(e) (1) * * * within five days after judgment in any civil * * * proceeding, brought pursuant to section 205 of this Act * * * involving alleged violation of any provision of any regulation or order issued

---

[1] 50 U.S.C.A.Appendix, § 925(e).

[2] 50 U.S.C.A.Appendix, § 924(e).

under section 2 * * *, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated. * * * The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203(a). Upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, * * * complained of or to dismiss the complaint."

On July 30, 1947, however, the Congress in The Supplemental Appropriation Act, 1948,[3] amended the first sentence of the foregoing portion of Sec. 204(e) so as to read as follows:

"(e) (1) Within sixty days after the date of enactment of this amendment, or * * * within sixty days after commencement of any civil proceedings brought pursuant to section 205 of this Act * * *, involving alleged violation of any provision of any regulation or order issued under section 2 * * * with respect to which responsibility was transferred to the Department of Commerce by Executive Order 9841, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated * * *."

In Woods v. Hills, 1948, 334 U.S. 210, 68 S.Ct. 992, the Supreme Court held that since responsibility for functions with respect to rent control was transferred by

Executive Order No. 9841, 50 U.S.C.A.Appendix, § 601 note, to the Housing Expediter rather than to the Department of Commerce, the necessary effect of the foregoing amendment was to eliminate entirely the statutory right which a defendant in a rent enforcement suit previously had to apply to the enforcement court for leave to file a complaint in the Emergency Court of Appeals. Under the amendment as thus construed it was clear that this court could no longer acquire jurisdiction under Sec. 204(e) over a complaint involving the validity of a rent regulation or order.[4] Accordingly, upon motion of the Housing Expediter, on May 21, 1948 the complaint filed by Kibrick Realty Corporation in this court was dismissed for want of jurisdiction to entertain it.

The complainant has now filed a motion to vacate the judgment of dismissal of its complaint, the respondent has filed a statement in opposition thereto, and the complainant has filed a reply to that statement. The motion is based upon a legislative proviso contained in The Supplemental Independent Offices Appropriation Act, 1949,[5] which, it is contended, retroactively restores our jurisdiction to entertain the complaint. The proviso relied upon is as follows:

"And provided further, That as to cases involving the functions transferred to the Office of the Housing Expediter by Executive Order 9841, section 204(e) of the Emergency Price Control Act of 1942, as amended, shall be considered as remaining in full force and effect during fiscal year 1949."

We find this language far from clear. If the reference to Sec. 204(e) "as amended" refers, as one would assume, to the section as last amended the whole purpose of the proviso is nullified. For the last amendment was that made by The Supplemental Appropriation Act, 1948, which, as we have seen, eliminated the functions transferred to the Housing Expediter from the purview of the section. Accordingly if

---

[3] Act of July 30, 1947, c. 361, 61 Stat. 619.

[4] Jurisdiction to entertain such complaints under Sec. 204(a) after denial of complainant's protest by the Housing Expediter was, of course, not involved. See Woods v. Hills, 1948, 334 U.S. 210, 68 S.Ct. 992.

[5] Act of June 30, 1948, c. 775, 62 Stat. 1196.

it is the section as thus amended which is to remain in force as to rent cases the section would still by its terms exclude such cases. We think that in order to give the proviso any meaning it must be construed as referring to Sec. 204(e) as amended and in force immediately prior to July 30, 1947, the date of the enactment of The Supplemental Appropriation Act, 1948.

The question remains as to the period of time during which Sec. 204(e) as it stood immediately before July 30, 1947 is by virtue of the enactment on June 30, 1948 of the proviso in question to be considered as being in force as to rent cases. The complainant urges that it is to be considered as retroactively reinstating the provisions of the section as to rent cases from July 30, 1947, the date of the amendment which eliminated them. It relies largely on the report of the Senate Committee on Appropriations which stated: [6]

"The committee recommends a proviso to the effect that functions under section 204 (e) of the Emergency Price Control Act of 1942, as amended, which were transferred to the Office of the Housing Expediter by Executive Order 9841, shall be treated as still remaining in full force and effect as on June 30, 1947. This proviso clarifies the intent of Congress in regard to rent-control violators and continues their right to go to the Emergency Court of Appeals as provided in section 204(e)."

We think, however, that the committee report is of little help. It is difficult to understand the reference in the report to "functions under section 204(e) of the Emergency Price Control Act of 1942, as amended, which were transferred to the Office of the Housing Expediter by Executive Order 9841" since that subsection conferred no functions upon the Price Administrator which were transferred to the Housing Expediter by that Executive Order. Moreover the provisions of Executive Order 9841 which are here referred to became effective on May 4, 1947,[7] whereas the report states that the functions to which it refers shall remain in force as on June 30, 1947, a date 57 days after the transfer by the Executive Order. Presumably the committee must have intended by the language quoted to refer to the jurisdiction eliminated on July 30, 1947 by the amendment effected by The Supplemental Appropriation Act, 1948. But, as we have seen, that amendment completely eliminated all jurisdiction under Sec. 204 (e) in rent cases from and after July 30, 1947, whereas the committee report states that the proviso with which we are here concerned "clarifies the intent of Congress in regard to rent-control violators and continues their right to go to the Emergency Court of Appeals as provided in section 204(e)." It is a most unusual use of language to say that a new enactment "continues" a right which has been completely nonexistent for eleven months.

When we turn to the statutory proviso itself we find it clearer in this respect than the report. It refers to cases involving the functions transferred by Executive Order 9841 to the Housing Expediter, in other words, rent cases. It says that as to those cases Sec. 204(e) shall be considered as remaining in full force and effect during the fiscal year 1949. That fiscal year runs from July 1, 1948 to June 30, 1949. The proviso was enacted on June 30, 1948, one day before the beginning of the fiscal year referred to and, aside from the possible inference arising from the use of the word "remaining" in the phrase "remaining in full force and effect", it contains no indication that it is intended to be retroactively effective. But while the use of the word "remaining" may indicate that the Congress thought, mistakenly, that Sec. 204(e) had been in force as to rent cases immediately prior to July 1, 1948, it is wholly inadequate to support a construction of the proviso that would retroactively restore for the period July 30, 1947 to June 30, 1948, the provisions of original Sec. 204(e) conferring jurisdiction upon this court in rent cases. We conclude, therefore, that the proviso of June 30, 1948, merely reinstated for the period July 1, 1948 to June 30, 1949, the provisions of Sec. 204(e) as in force with respect to rent cases immediately be-

---

[6] Sen. Rep. 1758, 80th Cong., 2d Sess., p. 3.

[7] Executive Order 9841, Part II, issued April 23, 1947, 12 F.R. 2645.

fore July 30, 1947, and that it did not retroactively confer jurisdiction upon this court to entertain the complaint filed on December 22, 1947, by the Kibrick Realty Corporation.

An order will accordingly be entered denying the motion of Kibrick Realty Corporation to vacate the judgment of dismissal of its complaint and to reinstate the complaint.