## JOHNSON v. UNITED STATES.

### No. 12713.

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1951.

As Amended Feb. 6, 1952.

Appeal from the United States District Court for the Northern District of California, Southern Division.

Reed M. Clarke, San Francisco, Cal., for appellant.

Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, Cecil Lichliter and Walter A. Rochow, Sp. Lit. Attys., Office of Rent Stabilization, all of Washinghton, D. C., for appellee.

Before STEPHENS, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

In an action instituted by the United States of America appellant Johnson was charged with violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901, et seq., the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881, et seq., and the rent regulations under said acts (8 F.R. 7334; 12 F.R. 4302), by collecting rents in excess of the legal maximum for certain controlled rental housing accommodations.

In a schedule attached to the complaint the names of the tenants alleged to have been overcharged, the rental accommodations alleged to have been occupied by them, the dates they were alleged to have occupied the rental premises, the amount of the alleged overcharges and the legal maximum rent allowed for said housing accommodations was set out in detail.

Appellee (plaintiff in the trial court) served upon counsel for appellant (defendant in the trial court) a request for admissions pursuant to Rule 36, Rules of Civil Procedure, 28 U.S.C.A. In response to said request admission was made that appellant was landlord of the premises described in the complaint and that the items set out in schedule A attached to the complaint correctly designated the tenants occupying the housing accommodations; correctly designated the period of tenancy of each tenant, and the legal rents in force during that time for the housing accommodations in question.

A motion for summary judgment was filed by appellee and pursuant to proceedings had thereon the trial court entered a pretrial order limiting the issue to be tried to the amount of rent collected by appellee.

Appellant filed an answer admitting jurisdiction of the court; that he was landlord of the property referred to in the complaint, and further admitted that rent regulations under the Price Control and Rent Acts established legal maximum rents for the housing accommodations, the subject of this suit. Appellant denied that he had violated said acts or received rents in excess of the legal maximum applicable to each rental unit involved in this action.

At the trial the issues were limited to the actual amount of the rents collected in accordance with the pretrial order. All other material allegations of the complaint were found to have been admitted. To this counsel for appellant agreed, stating: "We agree, the pleadings do admit *all* except the alleged overcharges; that is denied."

The trial court took evidence on the amount of rents collected.

Pursuant to a suggestion from the trial court an understanding was reached by the parties which is reflected in the following discussion between court and counsel:

"Mr. Fox. Ready. Your Honor, during the recess Mr. Clarke and I have gone over each and every one of these tenants and the amount of money they paid and in the course of our discussion we found that there were certain discrepancies in the maximum legal rent as shown on our complaint, so even though Mr. Clarke has agreed to the maximum rents, I think we can stipulate to certain changes being made.

"Mr. Clarke. That is right.

"Mr. Fox. There are three tenants which we have disputes as to the maximum rent, in view of the fact that Mr. Johnson states that there were more people in occupancy than the tenants state, so that in those cases we might have to take testimony, your Honor.

"Mr. Clarke. Very Short.

"The Court. All right.

"Mr. Clarke. May I just explain to Your Honor?

"The Court. Yes.

"Mr. Clarke. That apparently this is a sliding scale, so much for one person, a little more for two and a little more for three, so Your Honor will understand."

This discussion disclosed that a dispute existed as to the applicable rent on three units. The court took testimony as to the number of occupants of said three units. Thereafter, the court made a finding as to the maximum rent of each of the three units in dispute and appellant stipulated as to the overcharges for the others. Later appellant stipulated in detail as to the overcharges collected from the various tenants.

■ Appellant contended before the trial court, and contends here, that the landlord was not bound by the legal maximum rents fixed by the area rent office "until he received notice." He complains that no copy of the order or orders of the rent director, dated October 7, 1946, decreasing the maximum rent for the premises established under the Emergency Price Control Act of 1942, was ever served on him; also, no service of notice of intention to reduce the established rentals or that proceedings for reduction of rents was begun within three months after the registration statements were filed, as required by the Rent Regulations, so as to create a liability on the landlord for refund of any overcharges. The above contentions constitute an attack upon the validity of the order. As to

violations occurring before the expiration of the Price Control Act those contentions are not within the jurisdiction of the United States District Court or of this court to determine. Such jurisdiction was vested in the Emergency Court of Appeals and the United States Supreme Court by Sec. 204 (d) of the Price Control Act.[1] Insofar as the rent order issued under authority of the Housing and Rent Act of 1947, appellant is precluded from contesting its validity by virtue of his admissions and the pre-trial order.

On the question of the maximum charges made for rentals of accommodations for multiple occupancy, which it is now claimed by appellant as being in dispute, the trial court took evidence. The evidence supports its finding. In addition, we think appellant in direct terms admitted the allegations of the complaint in respect thereto.

Judgment affirmed.

[1] Yakus v. United States, 321 U.S. 414, 437, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992, 92 L.Ed. 1322.