**RECONSTRUCTION FINANCE CORP. v. SHERWOOD DISTILLING CO.**

**Civ. 3696.**

United States District Court
D. Maryland.

Sept. 29, 1952.

·Semmes, Bowen & Semmes, Baltimore, Md., David R. Owen, Baltimore, Md., for plaintiff.

Anderson, Barnes & Coe, Baltimore, Md., Wilson K. Barnes and William Hoffenberg, Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, Chief Judge.

This is a suit for alleged breach of contract. Under a series of contracts effective during World War II, that is, in 1942, and terminating in 1945, The Sherwood Distilling Company, a Maryland corporation, hereinafter referred to as Sherwood, agreed to sell to the Defense Supplies Corporation, a subsidiary of and later merged with the Reconstruction Finance Corporation, hereinafter referred to as RFC, Sherwood's entire production of industrial alcohol, for which RFC agreed

to pay the maximum price fixed by regulations of the Office of Price Administration, hereinafter referred to as OPA. Taking into account probable delays incident to a final price fixing by OPA, the agreements between the parties contained a further provision for RFC to pay Sherwood immediately upon receipt of the alcohol a pro forma price per gallon fixed by Sherwood in accordance with the latter's own estimates of what its costs would be, and based upon these, what the final fixed price of OPA would be. As a result, a pro forma price of $1.10 per gallon was originally fixed, "subject to upward or downward adjustment", by OPA in determining the final maximum price. Thereafter throughout the entire period involved in this suit, which is from April 1, 1944 to August 31, 1945 and covered by two contracts, RFC paid to Sherwood $1.10 for each gallon of alcohol delivered, or a variation of this price, up or down, these prices representing always Sherwood's estimate of what the OPA price would eventually be, which might be above or below these cost prices. On one or two occasions a refund was made to RFC, upon Sherwood reporting cost of less than $1.10 per gallon. The OPA prices were promulgated by so-called "order letters" pursuant to the Emergency Price Control Act of 1942 and addressed to Sherwood. The OPA regulations provided that the prices established by Sherwood would be subject to disapproval in writing at any time by OPA, based upon the latter's audits of Sherwood's cost figures.

As a result of the aforegoing procedure followed by the parties, the maximum prices in every instance fixed by OPA, after making an audit, were lower than those reported by Sherwood. Both the price notices and the contracts themselves recognized that the OPA prices might be less than the pro forma cost prices reported by Sherwood, in which event it was provided that Sherwood agreed to submit promptly supplementary payment in the form of a credit memorandum, to the extent that amounts were then due to Sherwood by RFC, and the balance in cash.

Sherwood requested numerous extensions of time within which to make the refunds due under this arrangement, but when large sums had become much overdue RFC refused to grant Sherwood further extensions and insisted upon payment. Sherwood still failed to pay, whereupon RFC withheld payment of large invoices due Sherwood. This was the situation between the parties when, on June 30, 1947, the last of the OPA price orders was received and payment thereon declined by Sherwood, with the result that on August 2, 1947, RFC filed the present suit which is now before the Court on RFC's motion for summary judgment.

Sherwood filed amended complaints whereby RFC's original claim was reduced from $54,849.47 to $35,232.36 with interest, as a result of a judgment of the Emergency Court of Appeals, hereinafter referred to. Extensions of time were granted Sherwood for answering, and with its answer denying RFC's claim as asserted, Sherwood also filed a counterclaim for $75,829.89 representing alleged errors as respects credits, etc., in connection with payments under the contracts. On September 28, 1947, that is, nearly two months after RFC filed the present suit, Sherwood filed with the Director, Division of Liquidation, Department of Commerce (this Department having succeeded OPA and is hereinafter referred to as OPA), a protest against all of OPA's orders in the present case. Finally, on June 28, 1950, the Director issued his orders, sustaining some but rejecting most of Sherwood's contentions, whereupon Sherwood filed suit in the United States Emergency Court of Appeals, seeking a judgment setting aside these orders.

On August 22, 1951, that is, more than four years after the institution of the present proceeding, the Emergency Court rendered its final decision modifying what the OPA had done, that is, granting in part and denying in part, Sherwood's claim for price relief. See Sherwood Distilling Co. v. Ryan, 190 F.2d 314. No petition for writ of certiorari was filed by Sherwood and, accordingly, the Emergency Court's judgment has become final.

The same numerous questions of law which Sherwood raised and which were decided by the Emergency Court are again raised in the present proceeding. This Court had agreed to defer trial until the rendition of the Emergency Court's decision. On October 24, 1951, the Department of Commerce issued a revised final order and opinion putting into effect the Emergency Court's decision. Thereupon, RFC filed a supplemental complaint in the present suit, with revised statement of account based upon this final order, showing the net amount claimed by RFC to be reduced to $35,232.36.

In substance, both the answer and counterclaim of Sherwood are based upon the contention that the various OPA regulations and orders in controversy are invalid and therefore should be so declared by this Court, because OPA erred in fixing maximum prices of the alcohol sold to RFC by Sherwood at lower figures than those claimed by Sherwood in its cost reports. However, it is obvious, as asserted by counsel for RFC, that the present suit is, in effect, an attempt to retry the case decided by the Emergency Court of Appeals. This cannot be done. The Supreme Court has repeatedly held that the power to pass upon the validity of OPA regulations and orders issued under the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq., rests exclusively with the Emergency Court of Appeals and the Supreme Court. See Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992, 92 L.Ed. 1322. See also Bowles v. American Brewery, 4 Cir., 146 F.2d 842; Bowles v. Meyers, 4 Cir., 149 F.2d 440; Porter v. Eastern Sugar Associates, 4 Cir., 159 F.2d 299; Creedon v. Babcock, 4 Cir., 163 F.2d 480. Sherwood's contention is that the present suit is not an action to enforce specific regulations or orders of OPA but an action based upon an alleged breach of a contract, and that the determination of this Court will not establish either the validity or invalidity vel non of any OPA regulation or price order. On behalf of Sherwood this argument is further extended to the point of saying that the so-called "letter orders" and other orders of OPA here in issue are not orders at all, but merely determinations by an auditor of OPA, made arbitrarily and capriciously; that this raises constitutional questions of due process, the authority to adjudicate which resides in this court, notwithstanding the decisions to which we have referred supra, which establish the exclusive jurisdiction of the Emergency Court of Appeals to adjudicate such orders as those here in issue, and notwithstanding the fact that it has done so.

We are not impressed with any part of this argument. To adopt Sherwood's alleged distinction in the present case between an enforcement action and an action upon the contracts themselves would be to circumvent long established law and the exclusive jurisdiction of the Emergency Court of Appeals. In addition, there is another equally certain and complete negation of Sherwood's contention to be found in the very terms of the contracts themselves which Sherwood accepted without any misunderstanding or misrepresentation, namely, those clauses in the contracts which provide that (1) the purchase price for the alcohol shall be the maximum price determined by the OPA; and (2) the OPA shall have the right to audit Sherwood's costs in the course of determining the appropriate maximum price.

As to such defenses as are raised in the present proceeding that may not have been raised in the litigation before the Emergency Court, as for example, the question of the good faith of the OPA auditor in disapproving certain costs claimed by Sherwood, and also alleged laches on RFC's part, suffice it to repeat that this is the wrong forum in which to question the validity of OPA orders.

As to the defense that the one year limitation in Section 205(e) of the Emergency Price Control Act of 1942 governs in the present suit, and not the Mary-

land three year statute of limitations, Code 1939, art. 57, § 1, since this is not a suit based upon any provision of that Act providing for recovery, but is a damage claim for breach of contract albeit recovery is restricted to maximum prices validated by the Emergency Court of Appeals under that Act, the Maryland three year limitation applies. See Reconstruction Finance Corp. v. Foust Distilling Co., D.C., 103 F. Supp. 167, and cases therein cited. The present suit was begun within that period since the first date on which the RFC could properly have sued for a refund was June 16, 1945, namely, the date of the first letter order.

As respects Sherwood's counterclaim, suffice it to say also that the counterclaim is basically nothing but an objection to the OPA's determination of maximum prices for certain periods during the life of the contracts between the parties. Therefore, even if this objection may not have been made by Sherwood in its protest to the OPA or in the litigation in the Emergency Court of Appeals, this Court has no jurisdiction to entertain it, for the reasons already given.

In conclusion, we point out that most if not all of the questions that are raised here were presented and decided adversely to another defendant distillery by the District Court for the Middle District of Pennsylvania, in Reconstruction Finance Corp. v. Foust Distilling Co., supra. There, the Court granted RFC a summary judgment. No appeal appears to have been taken.

For the reasons herein stated, summary judgment in favor of RFC for the amount claimed, with interest from November 25, 1951, that is, thirty days after the final order of the Department of Commerce making effective the judgment of the Emergency Court of Appeals, and also dismissal of the counterclaim, will be ordered. We find no genuine issue as to any material question of fact and also no merit in any of the legal defenses presented on behalf of Sherwood.