## LEVINE v. UNITED STATES.
### No. 47754.

Court of Claims.
Nov. 1, 1948.

Sidney S. Levine, in pro. per.

Edward L. Metzler, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

This case is before us on defendant's plea to the jurisdiction of the court. Plaintiff, as executor under the last will and testament of Anna M. Kane, deceased, by his petition seeks to recover $5,000 which plaintiff claims was due and owing from defendant to said decedent as beneficiary of War Risk Insurance on the life of her son, Patrick J. Kane, Jr. The latter is alleged to have died on June 24, 1945, as a result of mortal injuries received by him on June 19, 1945, while employed in a civilian capacity as a chief engineer in the Marine Division of the Army Transport Service, War Department.

Defendant conceiving the claim as set forth in plaintiff's petition to be a claim for certain benefits available only by virtue of

and pursuant to the provisions of the United States Employees' Compensation Act of September 7, 1916, 39 Stat. 742, as amended, 5 U.S.C.A. Chapter 15, § 751 et seq., and the Act of April 11, 1942, 56 Stat. 214, amending the Merchant Marine Act of 1936, 46 U.S.C.A. §§ 1128–1128g, denies the jurisdiction of this court to entertain a claim founded upon either of these statutes. Upon the basis of its plea defendant asks that the petition be dismissed.

Plaintiff seeks to avoid the plea to the jurisdiction primarily on the ground that the petition asserts a claim based upon a simple contract of insurance independent of any statute. The necessity thus arises to examine in some detail the allegations of the petition in order to ascertain the exact nature of the claim asserted before considering whether the petition must be dismissed.

The petition alleges that on or about the 19th day of May 1944, Patrick J. Kane, Jr., was employed at the Army Service Force New York Port of Embarkation, New York, and continued in said service until the date of his death on June 24, 1945; that "pursuant to Public Law No. 267 of the Sixty-fourth Congress", i. e., the United States Employees' Compensation Act of September 7, 1916, 39 Stat. 742, 5 U.S.C.A. Chap. 15, "and other governmental regulation the defendant agreed to insure the said Patrick J. Kane, Jr., in the sum of Five Thousand ($5,000) Dollars if his death was sustained as the result of the risk of war or warlike operations, and further agreed to insure his life for benefits of the United States Employees' Compensation Act if death was sustained while in the performance of duty, as more fully provided for by subdivision C of the Marine Personnel Regulations by the Chief of Transportation of the United States Government * * *." [1] The petition further alleges that Patrick J. Kane, Jr., accepted such war risk benefits and insurance "tendered to him by the Statutes of the United States Government and the Rules and Regulations of the Marine Personnel Regulations issued by the Chief of Transportation"; that his death resulted from injuries received while on duty under orders from defendant and while engaged in a warlike operation for defendant and as the result of one of the risks of war; but that, notwithstanding due proof of loss was furnished, defendant has refused to pay the whole or any part of said insurance or death benefits.

Annexed to the petition, as Exhibit A thereof, is a copy of War Department Certificate of Designation or Change of Beneficiary purporting to have been executed by Patrick J. Kane., Jr., on September 4, 1944, in favor of his mother, wherein it is recited that "War Risk benefits are provided for masters, officers, and crew members (civilian employees) of the War Department. A statement of the benefits, and of the conditions under which benefits are pro-

---

[1] Subdivision C of said Marine Personnel Regulations is set forth in the petition as follows: "If disability or death is sustained by a crew member, not as a result of the risks of war or of warlike operations nor as a result of marine risks, the insurance procured from the War Shipping Administration shall not be payable, but the employee concerned shall be eligible for the benefits of the United States Employees' Compensation Act if the disability or death was sustained while in the performance of duty. On the other hand, if disability or death is sustained by a crew member as a result of the risks of war or warlike operations, the employee concerned will be eligible for both insurance payments and compensation benefits. The U. S. Employees' Compensation Commission is by statute authorized to make final decisions, there being no appeal to a higher authority. The Compensation Commission has declared that it would as a matter of policy, rule that any benefits paid under the Policy of Insurance would be offset against compensation benefits; i. e., if a beneficiary or beneficiaries elect to accept a lump-sum payment of $5,000 under the Policy of Insurance, no compensation benefits will be paid until such time as the total monthly payments prescribed in the Compensation Act would total the amount of insurance benefits paid. After the expiration of such period, should the legal beneficiary or beneficiaries named in the Compensation Act still be eligible for compensation benefits, such benefits will be extended to execute in full the statutory obligation of the United States Government by reason of Public Law No. 267, 64th Congress."

vided, are written into and are a part of the shipping articles." [2]

As heretofore noted, plaintiff's principal insistence in opposing the plea to the jurisdiction is that these allegations state a claim based upon a common law contract of insurance not dependent upon any act of Congress;[3] therefore, that this court's jurisdiction to entertain plaintiff's claim rests upon its general jurisdiction under Section 145 of the Judicial Code, 28 U.S.C.A. § 250,[4] to hear and determine claims founded upon any contract, express or implied, with the Government of the United States, without regard to such limitation respecting the forum for determining insurance claims against the Government as may be imposed by Section 1128d of Title 46 U.S.C.A.

■ It seems to us that this is an oversimplification of the issue which confronts us. If we give to the allegations of the petition (and as well to the statements contained in the affidavit by which plaintiff has undertaken to amplify his petition) the broadest intendment of which they are reasonably susceptible, the petition still fails to reveal a claim founded upon a simple contract the terms of which must not in some part be found in the statutes and the regulations pursuant to which the several benefits claimed by plaintiff were made available. The alleged undertakings by defendant to insure, and the war-risk benefits and insurance alleged by plaintiff to have been tendered to Kane, and by him accepted, in connection with his employment, are designated by the petition itself as those "tendered to him" by the statutes of the United States and the Marine Personnel Regulations. The assertion is made in plaintiff's brief that in the Articles of Shipment with the deceased (see footnote 2, ante) "The War Department agreed independent of any statute to provide death benefits." The portion of the Shipping Articles set forth in plaintiff's affidavit to supplement his petition scarcely warrants this contention. We cannot agree with plaintiff's contention that defendant, by withdrawing its answer to the petition in order to plead to the jurisdiction of the court, must be held to have admitted the truth of each and every allegation of the petition and each and every favorable inference that can be drawn therefrom in favor of the petitioner. We can spell out of defendant's election to plead to the jurisdiction of the court rather than to traverse plaintiff's petition neither "an agreement independent of any statute," nor an admission of liability on the part of the War Department, for death benefits owing to Kane's mother. We are not required, for the pur-

---

[2] By affidavit accompanying his brief in opposition to defendant's plea to the jurisdiction of the court plaintiff offers to show that in the Shipping Articles under which Patrick J. Kane, Jr., was employed by the War Department it was recited that "the War Department agrees to provide benefits for injury, death, and loss of or damage to personal effects of officers and members of the crew, subject to the agreed condition that where such person so protected, or any beneficiary of such person so protected, because of the same injury, death or loss of or damage to personal effects for which benefits are payable hereunder, also becomes entitled to any statutory benefit on account of such injury, death, or loss of or damage to personal effects, such person or any such beneficiary shall be entitled only (1) to the benefit herein provided, or (2) to such statutory benefit. If such person or any such beneficiary claims and receives the benefits payable hereunder, there shall be set off or credited against any such statutory benefits the amount such person or beneficiary receives hereunder. If such person or such beneficiary claims and receives any such statutory benefit, there shall be set off or credited against the benefit provided hereunder, the amount such person or beneficiary receives as statutory benefit."

[3] It is apparent that the reference to certain "statutory benefits," in the language quoted in the preceding footnote, lies at the bottom of plaintiff's contention that the insurance benefits elsewhere referred to therein are rights existing independent of statute and resting solely upon simple contract. Assuming that these latter are not "statutory benefits" in the sense in which such term is here used, they are nevertheless, as will become evident later in our discussion of the Merchant Marine Act of 1936, as amended by the Act of April 11, 1942, 46 U.S.C.A. § 1128, rights to some extent dependent upon statute for their existence.

[4] In 1948 Revision, 28 U.S.C.A. § 1491.

pose of drawing inferences favorable to plaintiff, to close our minds to the knowledge that the War Department itself was not engaged in the insurance business, nor to the knowledge that but for some statutory authority, no undertaking to provide death benefits such as appears in the Shipping Articles under which Kane was employed would have been included therein. The procedural rule urged upon us by plaintiff is not to be applied with greater stringency to test defendant's plea to the court's jurisdiction than would be the case had defendant demurred to the petition.

In United States v. John J. Felin & Co., 334 U.S. 624, 68 S.Ct. 1238, 1245, Mr. Justice Frankfurter had occasion to observe that "it is as old as the common law that an allegation purporting to be one of fact but contradicted by common knowledge is not confessed by a demurrer."

By neither the petition itself, nor by the Shipping Articles which plaintiff would have us read into his petition, does it appear that the War Department, incident to the exercise of its general power to engage the services of civilian employees as officers and crew members in its Army Transport Service, entered into a contract of insurance with such employees against loss of life by war risks. It is not alleged that the War Department itself insured Kane. In substance the petition merely asserts that the War Department agreed to provide Kane with such protection. Plaintiff's claim is not for a breach of that undertaking, for the petition asserts that Kane "accepted war risk benefits and insurance tendered to him by the statutes of the United States Government and the Rules and Regulations of the Marine Personnel Regulations." No direct obligation on the part of the War Department to do more than what it apparently did in that connection is shown by the petitioner.

This is not to say, of course, that the statutes and regulations under which it is asserted such war-risk benefits and insurance were tendered to and accepted by Kane may not have given rise to an obligation that has the force of a binding contract with him. See Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434.

It is entirely possible that the events which transpired leading up to plaintiff's claim may have been sufficient to give rise to an obligation on the part of the Government based upon statute to pay compensation for the death of Patrick J. Kane, Jr. If so, however, the statute itself may not be ignored in determining what remedies are provided for the discharge of the obligation. If the statute upon which the obligation is based leaves the determination of the benefits to be conferred solely to the discretion of the administrative body charged with its execution, or if it either withdraws or withholds from this court's jurisdiction the authority to entertain claims seeking to recover the benefits derived from the statute, the bare agreement by the War Department in its Shipping Articles with certain of its civilian employees that such benefits shall be provided may not be seized upon by this court as a means for exercising jurisdiction over a claim to such benefits, under the guise of exercising the general jurisdiction granted to it by Section 145 of the Judicial Code to hear and determine claims founded upon contract.

Our initial conclusion is, then, that the petition must stand, if at all, as a statement of claim founded upon the United States statutes and governmental regulations indicated in paragraph "Fifth" of the petition, and that our jurisdiction to hear and determine the claim must be tested in accordance with defendant's plea that we are without jurisdiction with respect to claims arising thereunder. It has long been recognized that relief in the courts under the United States Employees' Compensation Act has not been authorized by Congress. Dahn v. Davis, Agent, etc., 258 U.S. 421, 431, 42 S.Ct. 320, 66 L.Ed. 696. See also Thomason v. Works Projects Administration, 9 Cir., 138 F.2d 342; White v. Tennessee Valley Authority, D.C., 58 F.Supp. 776. It is not our province here to decide whether, in a proper case, judicial review of administrative action taken under that Act may now be had in the courts by virtue of the "Administrative Procedure Act" of June 11, 1946, 60 Stat. 237, Ch. 324, 5 U.S.C. A. § 1001, notwithstanding such earlier de-

cisions. Be that as it may, it does not appear from the petition that any action was taken before the administrative body charged with the execution of the Compensation Act to obtain such benefits as may have been available to plaintiff thereunder. So far as the allegations of the petition with reference to that Act are concerned there is nothing stated therein sufficient to invoke the jurisdiction of this court. It is not shown that any liability is admitted by the Federal Security Administration for benefits accruing under that Act. McElhany v. United States, 101 Ct.Cl. 286, is, therefore, not in point.

Turning then to the Merchant Marine Act of 1936, as amended, and more particularly to the provisions found in 46 U.S. C.A. §§ 1128–1128h, covering insurance, to the administration of which provisions the Marine Personnel Regulations mentioned in the petition (i. e., subdivisions (a) and (c) of Division 121.1 thereof) were directed, we find that the Secretary of War was authorized during the war, and when necessary or advisable for military reasons, to procure from the U. S. Maritime Commission (and, during the time in question, from the War Shipping Administration), insurance covering loss of life sustained as a result of the risks of war by civilian crew members of American vessels operated by the War Department. Defendant's plea proceeds on the assumption that Patrick J. Kane, Jr., was insured by the War Shipping Administration against loss of life by the risks of war pursuant to this Act, and that plaintiff's petition was intended to assert a claim for loss on account of such insurance. But, defendant says, by virtue of section 1128d, an action on such claim may only be maintained against the United States in a District Court of the United States sitting in admiralty.

Section 1128d, entitled "Actions on claims for losses; jurisdiction of courts," provides in part: "In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under sections 1128–1128h of this title, an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which the claimant or his agent may reside, or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service. Said suits shall proceed and shall be heard and determined according to the provisions of sections 741-752 of this title insofar as such provisions are not inapplicable and are not contrary to or inconsistent with the provisions of sections 1128–1128h of this title. * * * [Sections 741-752 are contained in 46 U.S. C., Chapter 20, 'Suits in Admiralty by or against vessels or Cargoes of United States.']"

In this connection defendant directs our attention to United States v. Leahy, 3 Cir., 148 F.2d 462, at page 466, wherein it was stated: "Determination of insurance claims is specifically within the exclusive jurisdiction of the District Court under § 225 of the Merchant Marine Act, 1936, as amended, which provides actions are to be brought according to the provisions of The Suits in Admiralty Act, 41 Stat. 525, 1920, as amended, 46 U.S.C.A. § 741-752", citing Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471; Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L. Ed. 451; United States Shipping Board Emergency Fleet Corporation v. Rosenberg Brothers & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531, and Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336. In the Leahy case it was not necessary for the court to decide whether a claim for loss on account of insurance under the Merchant Marine Act of 1936, as amended, that is, under sections 1128–1128h of 46 U.S.C.A., could or could not be brought and maintained in the Court of Claims. Rather, the issue was whether under the particular facts of that case a suit could be maintained in the District Court. There appeared to have been a disagreement as to the amount the Government was obligated to pay on account of insurance covering the total loss of plaintiff's requisitioned tankers through enemy action. An action on the claim was brought in the District Court of the United States for the

District of Delaware. National Bulk Carriers, Inc., v. U. S., D.C., 56 F.Supp. 765. The Government sought a writ of mandamus, or prohibition, or both, against the district judge, on the ground that the claim on which the suit was based was for "just compensation" and hence a matter exclusively for the Court of Claims. The Circuit Court of Appeals for the Third Circuit, 148 F.2d 462, sustained the District Court's jurisdiction and denied the writ, seemingly satisfied that the district courts of the United States not only had jurisdiction over disputes arising out of the Government's wartime insurance business but were the only proper forum for determining such claims.

An examination of the Supreme Court decisions cited in the Leahy opinion appears to justify that conclusion. While none of those decisions was concerned with the particular statute upon which plaintiff's claim here must rest, but rather with the Suits in Admiralty Act, approved March 9, 1920, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., the views therein expressed with regard to the purpose and intent of this latter act appear to us to be controlling in interpreting the purpose and intent of the Merchant Marine Act of 1936, as amended by the Act of April 11, 1942, 56 Stat. 214, 46 U.S.C.A. §§ 1128–1128g, to provide war-risk insurance for masters, officers and crews of American vessels and other persons employed or transported thereon against loss of life. The latter act must be viewed in pari materia with the Suits in Admiralty Act to which it makes specific reference. With reference to the Suits in Admiralty Act, any question that said Act, in addition to furnishing an exclusive remedy in admiralty, also prevented a resort to any concurrent remedies against the United States in the Court of Claims for the enforcement of the maritime causes of action covered by such Act (see United States Shipping Board Emergency Fleet Corporation v. Rosenberg Brothers & Co., supra) was removed by the Supreme Court's opinion in Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. at page 327, 50 S.Ct. at page 120, 74 L.Ed. 451, where it was stated: "The

analysis of the act and the reasons on which rests our decision in [United States Shipping Board Emergency] Fleet Corporation v. Rosenberg Bros. [& Co.] apply here. Putting the United States and the Fleet Corporation on the same footing and providing remedies to be exclusive in admiralty would not serve substantially to establish uniformity, if suits under the Tucker Act and in the Court of Claims be allowed against the United States, and actions at law in state and federal courts be permitted against the Fleet Corporation or other agents for enforcement of the maritime causes of action covered by the act. Such a failure of purpose on the part of the Congress is not readily to be inferred."

It will be observed that the court reached this conclusion regarding the Suits in Admiralty Act notwithstanding the language employed in section 2 thereof, section 742 of Title 46 U.S.C.A. that a libel in personam "may be brought" against the United States, preceding the provision that "such suits shall be brought" in the district court of the United States. It would be strangely inconsistent with the Supreme Court's conclusion in that case to now hold that, because section 1128d provides in event of disagreement as to a claim for loss on account of insurance under sections 1128–1128h of Title 46 an action on the claim "may be brought and maintained against the United States in the district court," preliminary to stating that "said suits shall proceed and shall be heard and determined" according to the provisions of the Suits in Admiralty Act, the claimant has the option of prosecuting his claim in the Court of Claims if he sees fit. To so hold would be to leave such insurance claims outside the circle of that "complete system of administration" regarding maritime claims arising out of the possession or operation of merchant vessels of the United States "by which uniformity is established as to venue, service of process, rules of decision and procedure, rate of interest, and periods of limitation." United States Shipping Board Emergency Fleet Corporation v. Rosenberg Brothers & Co., supra [276 U.S. 202, 48 S.Ct. 258]. It would, moreover, do violence to the latter portion of section 1128d

which was added by Act of March 24, 1943, Ch. 26, section 3 (g), 57 Stat. 50 (for brevity's sake not included in our quotation from said section, hereinabove) whereby the provision for hearing and determining suits on account of insurance claims according to the provisions of the Suits in Admiralty Act was supplemented by provisions for joining interested parties and in certain instances for an action by the United States in the nature of a bill of interpleader in the United States district courts, and a final sentence added to section 1128d that "the procedure herein provided shall apply to all actions now pending against the United States under the provisions of sections 1128–1128h, as amended."

We conclude that just as the Suits in Admiralty Act was held to have withdrawn from the Court of Claims certain of its jurisdiction (Matson Navigation Co. v. United States, supra) it is logical to conclude that the Supreme Court would determine that the Merchant Marine Act of 1936, as amended by the Acts of April 11, 1942, and March 24, 1943, withholds from the court jurisdiction over claims for losses on account of insurance under said act. It follows that the defendant's plea to the jurisdiction must be sustained and the plaintiff's petition dismissed. It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.