## UNITED STATES v. McNAIR.
### No. 12121.

United States Court of Appeals
Ninth Circuit
Feb. 6, 1950.

J. Charles Dennis, U. S. Atty., Frank Pellegrini and John Belcher, Assts., Seattle, Wash., for appellant.

Bassett & Geisness, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a decree in admiralty adjudging that appellee recover $2,125.00 in a suit on a Seamen's War Risk Insurance policy issued pursuant to the Merchant Marine Act of 1936, as amended by the Act of June 29, 1940, § 225, 54 Stat. 689, 690, 46 U.S.C.A. §§ 1128–1128h, 46 U.S.C.A. §§ 1128–1128h. The jurisdiction of the court below was invoked under § 1128d, the pertinent portion of which is printed in the margin.[1] After the cause was submitted here we discovered that the Act of June 29, 1940,

1. "In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under sections 1128–1128h of this title, an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which the claimant or his agent may reside, or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service. Said suits shall proceed and shall be heard and determined according to the provisions of sections 741–752 of this title insofar as such pro-

supra, was repealed by the Joint Resolution of July 25, 1947, 61 Stat. 449, 450, and called for and received briefs on the jurisdictional question presented.

We are of the opinion that the liability hereafter stated having been incurred by the United States prior to the repeal of the Act of June 29, 1940, the right of recovery therefor continued to exist under 1 U.S.C. § 29, 1 U.S.C.A. § 29, R.S. § 13, providing: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."[2]

In Great Northern Ry. Co. v. United States, 208 U.S. 452, 465, 28 S.Ct. 313, 316, 52 L.Ed. 567, the Supreme Court said of R.S. § 13, "As the section of the Revised Statutes in question has only the force of a statute, its provisions cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment. But, while this is true, the provisions of § 13, are to be treated as if incorporated in and as a part of subsequent enactments, and therefore under the general principles of construction requiring, if possible, that effect be given to all the parts of a law, the section must be enforced unless, either by express declaration or necessary implication, arising from the terms of the law, as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of § 13."

In Hertz v. Woodman, 218 U.S. 205, 217, 30 S.Ct. 621, 624, 54 L.Ed. 1001, it was stated that, "This section is not alone applicable to penalties and forfeitures under penal statutes. It extends as well to 'liabilities,' and a liability or obligation to pay a tax imposed under a repealed statute is not only within the letter, but the spirit and purpose of the provision. Therefore we must take that general saving clause into consideration as a part of the legislation involved in the determination of whether a 'liability' had been incurred by the imposition of a tax prior to the act that destroyed the law under which it had been imposed."

This reasoning is particularly applicable to legislation for the seaman's benefit and hence construable favorably to the seaman's protection. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 790, 69 S.Ct. 1317; American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S. Ct. 930, 87 L.Ed. 1107.

McNair, having such war risk insurance, was employed as a fireman and water tender on the S.S. William Sharon, a merchant vessel operated for the United States by the War Shipping Administration.

On December 28, 1944, while the vessel was at Mindoro, Philippine Islands, she was attacked by Japanese suicide planes. In the course of the action libelant was struck in his right shoulder by a metal fragment from an exploding bomb. He was treated by a Navy doctor aboard a destroyer and at a shore installation. As a result of his injuries, his right arm was numb and he could not use it until sometime in March 1945. He was repatriated to the United States on March 2, 1945, arriving at San Francisco, California. At this time his arm had improved to the extent where he could dress himself.

Following his return to the United States he went to the home of his parents at

visions are not inapplicable and are not contrary to or inconsistent with the provisions of sections 1128–1128h * * *."

2. This provision now appears as 1 U.S.C. § 109, 1 U.S.C.A. § 109, it having been amended by the Act of July 30, 1947, to add the following sentence: "The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." 61 Stat. 633.

Redmond, Washington, until he went to sea again in August of 1945. From April 9, 1945, to May 22, 1945, he received outpatient treatment at the Marine Hospital at which time he was discharged as fit for duty. Although discharged as fit for duty, his arm still gave him trouble and he did not engage in any work until August 13, 1945, when he shipped aboard the S.S. Toloa as oiler and junior engineer. He served on the Toloa in this capacity until February 28, 1946. Thereafter he sailed as a member of the crew of the S.S. Baranoff from May 8, 1946 until May 23, 1946. He received satisfactory discharges from his services on the Toloa and the Baranoff.

The court found that on March 2, 1946, McNair was suffering from a ten percent permanent partial disability and awarded him $325.00 for the period after that date. Appellant does not question this award.

Although there is no evidence of any sudden change in McNair's condition in the six months prior to March 2, 1946, the court found that he suffered a total permanent disability for the whole year between March 2, 1945 and March 2, 1946, and awarded him $1800.00 for that period.

Appellant contends that McNair has not sustained his burden of proof[3] that for the last six months of that period he was totally disabled from performing any and every kind of duty pertaining to his occupation when injured within the definition of his war risk policy, to-wit: " 'Disability' as that term is used in this Policy means incapacity because of injury proximately caused by the risks insured against herein which necessarily and continuously prevents the insured from performing any and every kind of duty pertaining to his occupation at the time of injury."

 We agree. There is no evidence that McNair's practically continuous employment during the six months prior to March 2, 1946, in any way impaired or retarded his recovery or endangered his health. The law is settled that in the absence of a showing that one worked at danger to himself the fact of his working may be such as conclusively to negative disability. Lumbra v. United States, 290 U.S. 651, 54 S.Ct. 58, 78 L.Ed. 535; United States v. Diehl, 4 Cir., 62 F.2d 343; United States v. Harth, 8 Cir., 61 F.2d 541.

We award appellee $900.00 for his permanent total disability for the six months after March 2, 1945. In the absence of any evidence that appellee's partial disability was any greater during the six months prior to March 2, 1946, than on that date, we award him a recovery of $90.00 for a 10% partial disability during that period, making, with the $325 for the period after March 2, 1946, a total award of $1315.00. A decree is ordered entered for that amount.

---

3. United States v. Lawson, 9 Cir., 50 F. 646; United States v. McPhee, 9 Cir., 31 F.2d 243.