## ALCOA STEAMSHIP CO. v. UNITED STATES.
### Adm. 164–154.

United States District Court,
S. D. New York.
Dec. 5, 1950.

Wood, Molloy, France & Tully, New York City (Melville J. France and Henry P. Molloy, Jr., New York City, of counsel), for libelant.

Irving H. Saypol, U. S. Atty., New York City (Benjamin H. Berman, Atty., Dept. of Justice, Washington, D. C., of counsel), for respondent.

COXE, District Judge.

This is an exception to the libel on the ground that the court lacks jurisdiction because of the failure to institute the suit within two years after the cause of action arose, as required by the Suits in Admiralty Act, 46 U.S.C.A. § 745.

The suit is for damages alleged to have been sustained as a result of the delivery to the libelant by the respondent, under a demise charter, of the S/S "Stephen W. Gambrill", in which there were latent defects in the propeller shaft of the vessel. The vessel was delivered to the libelant under the charter on September 26, 1946, and the libel was filed on March 16, 1950.

The material provisions of the charter are as follows:

"Clause 1. *Condition of Vessels on Delivery.* The vessel on her delivery shall be in Class A-1 American Bureau of Shipping or equivalent, with all required certificates, including but not limited to marine inspection certificates of the Coast Guard, Treasury Department, and so far as due diligence can make her so, tight, staunch, strong and well and sufficiently tackled, appareled, furnished and equipped, and in every respect seaworthy and in good run-

ning condition and repair, with clean swept holds and in all respects fit for service."

* * *

"Clause 2(b). Subject to the foregoing provisions (in Clause 2(a), which are not now material), the delivery of the Vessel by the Owner respondent) and the acceptance thereof by the Charterer shall constitute full performance by the Owner of all the Owner's obligations under clause 1, and thereafter the Charterer shall not be entitled to make or assert any claim against the Owner on account of any agreements, representations or warranties, expressed or implied, with respect to the condition of the Vessel; provided, however, that the Owner shall nevertheless be responsible for the cost and time of repairs or renewals occasioned by latent defects in the Vessel, its machinery or appurtenances or defects due to locked in stresses in the Vessel existing at the time of delivery, not recoverable under the terms and conditions of the American Hull form of policy (American Institute of Marine Underwriters 7/1/41) containing no deductible average clause."

The libel, after setting forth the foregoing provisions of the charter, alleges that, while the vessel was being properly operated under normal conditions and at a normal speed, the libelant learned that the propeller had been lost and that the loss was occasioned by the breaking of the propeller shaft. The date when the shaft broke does not appear.

It is then alleged that the breaking of the propeller shaft was caused by high residual, or locked in, stresses arising in the process of manufacture of the shaft, to the fact that the design and material of the shaft and its liner were faulty and defective, and to a latent defect or defects inherent in the design, material and manufacture of the shaft and liner, which were hidden and unknown to the libelant and existed at the time of the delivery of the vessel. It is further alleged that the cost and time of repairs and renewals occasioned by these locked in stresses and latent defects are not recoverable under the American Hull form of policy containing no deductible average clause.

The damages claimed are the cost of making the necessary repairs and the loss of use of the vessel in the meantime, amounting in all to $16,702.80.

It is the contention of the respondent that the cause of action is one for breach of the warranty of seaworthiness contained in Clause 1 of the charter, and that it arose at the time of the delivery of the vessel on September 26, 1946. The libelant, on the other hand, insists that no question of warranty is involved; that the suit is one solely to enforce the indemnity agreement contained in Clause 2(b) of the charter, and that the cause of action did not arise until the actual loss or damage indemnified against occurred.

The respondent's contention that the cause of action is for breach of warranty is not only at variance with the allegations of the libel, but is unsupported by the provisions of the charter. Under Clause 1 of the charter the vessel, on her delivery, was warranted seaworthy "so far as due diligence can make her so". This was a limited, not an absolute, warranty of seaworthiness, and it relieved the respondent from liability for latent defects unless there was a failure to use due diligence. See Mente & Co. v. Isthmian S. S. Co., D.C.,S.D.,N.Y., 36 F.Supp. 278, 283, affirmed 2 Cir., 122 F.2d 266.

But, under the first part of Clause 2(b) even this limited warranty did not survive the delivery and acceptance of the vessel, and thereafter all warranty claims against the respondent were barred. It seems clear, therefore, that up to this point any claim for damages for breach of the warranty of seaworthiness had been effectively released by the delivery and acceptance of the vessel. And as a substitute there was added a separate indemnity agreement giving the libelant specific and limited protection against damage resulting from latent defects.

I hold, therefore, that the suit is one solely to enforce the indemnity agreement contained in Clause 2(b), and that the cause of action did not arise until the actual loss or damage indemnified against occurred.

■ The two-year limitation period of the Suits in Admiralty Act is not a mere limitation; it is part of the right itself. Osbourne v. United States, 2 Cir., 164 F. 2d 767, 768; Sgambati v. United States, 2 Cir., 172 F.2d 297. And the libelant must allege sufficient facts to show affirmatively that the suit was timely brought, i. e., that it was filed within two years after the cause of action arose. Corporation of Royal Exch. Assur. v. United States, 2 Cir., 75 F.2d 478, 480. That has not been done, for the libel does not allege when the propeller shaft broke. The libel, therefore, fails to show that the court has jurisdiction, and the objection may be raised by exception. United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202, 214, 48 S.Ct. 256, 72 L.Ed. 531.

The exception to the libel is accordingly sustained, but the libelant will be given permission to file an amended libel stating the date when the propeller shaft broke.

NOTE: This Alcoa case and Alcoa cases Adm. 165-333, Adm. 165-31, Adm. 164-55 and Cosmopolitan Shipping Co. v. US, Adm. 164-89, decided in this one Opinion under Adm. 164-154.