### DE LA RAMA S. S. CO., Inc. v. UNITED STATES.

No. 216, Docket 22298.

United States Court of Appeals Second Circuit.

Argued April 10, 1952.

Decided July 2, 1952.

Certiorari Granted Nov. 17, 1952.

See 73 S.Ct. 184.

Myles J. Lane, U. S. Atty., New York City, and Benjamin H. Berman, New York City, Attorney, Department of Justice, of counsel, for respondent-appellant.

Burlingham, Veeder, Clark & Hupper, New York City, and Norman M. Barron, Hervey C. Allen, Jr., and Roscoe H. Hupper, New York City, of counsel, for libelant-appellee.

Before CHASE, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is a suit in admiralty against the United States under Section 225 of the Merchant Marine Act of 1936, as amended by the War Risk Insurance Act of June 29, 1940,[1] in which the libelant sought to recover for the loss of its motor vessel Dona Aurora under a war risk policy issued by the War Shipping Administration. After a reference to and report by a commissioner, 92 F.Supp. 243, a final decree was entered in favor of the libelant in the sum of $2,080,000, with interest. 98 F. Supp. 514. The respondent took the appeal now before us and both parties have filed assignments of error attacking the decree on numerous grounds. We reach only one question, however, that of the power of the district court to proceed with the case after July 25, 1947, the date upon which Sections 221 to 228, inclusive, of the Merchant Marine Act were repealed.

There is no doubt that Section 225 of the Merchant Marine Act conferred jurisdiction upon the district court to entertain the present suit on December 22, 1944, the

---

1. 54 Stat. 689, 46 U.S.C.A. § 1128d.

date on which it was instituted in that court. The section specifically provided:

"'Sec. 225. In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under this subtitle, an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which the claimant or his agent may reside, or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service. Said suits shall proceed and shall be heard and determined according to the provisions of an Act entitled 'An Act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes', approved March 9, 1920, as amended (known as the Suits in Admiralty Act), insofar as such provisions are not inapplicable and are not contrary to or inconsistent with the provisions of this subtitle.'"

By Section 1 of the Joint Resolution of July 25, 1947,[2] the Act of June 29, 1940, as amended, which had added Section 225, *inter alia*, to the Merchant Marine Act of 1936, was specifically repealed outright. The Joint Resolution contained no provision saving the jurisdictional grant contained in Section 225 from repeal to the extent necessary to support suits then pending thereunder in the district courts. It necessarily follows, therefore, that the effect of the Joint Resolution was to withdraw from the district court on July 25, 1947, the date of the enactment of the resolution, the power which the court had previously to entertain the present suit. Merchants' Insurance Company v. Ritchie, 1866, 5 Wall. 541, 72 U.S. 541, 18 L.Ed. 540; Hallowell v. Commons, 1916, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; Bruner v. United States, 1952, 343 U.S. 112, 72 S.Ct. 581.

The libelant strongly urges that even though the Joint Resolution did not contain a saving clause the absence of such a clause was supplied by Section 13 of the Revised Statutes [3] which provided as follows:

"Sec. 13. The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

The libelant also urges upon us the decision of the Ninth Circuit in United States v. McNair, 1950, 180 F.2d 273, in which that court held that the effect of Section 13 of the Revised Statutes in this connection was to save the right of recovery in the district court in a suit which, like the one before us, had been brought under Section 225 of the Merchant Marine Act. We agree with our brethren of the Ninth Circuit that Section 13 had the effect of keeping in force those provisions of the War Risk Insurance Act of 1940 which authorized the Administrator of the War Shipping Administration [4] to issue marine insurance and reinsurance policies and to adjust and pay losses, compromise and settle claims and pay judgments. For those provisions of the statute authorized the Administrator to impose upon the United States the contractual obligations of a ma-

2. 61 Stat. 450.

3. Section 13, Revised Statutes, was originally enacted as Section 4 of the Act of February 25, 1871, c. 71, 16 Stat. 432. On July 30, 1947 it was enacted as Section 109 of Title 1, United States Code.

4. By Executive Order Feb. 7, 1942, No.

9054, 7 F.R. 837 and Sec. 228 of the Merchant Marine Act, as amended by the Act of April 11, 1942, c. 240, 56 Stat. 217, 46 U.S.C.A. § 1128g, the authority previously conferred upon the Maritime Commission by the War Risk Insurance Act was vested in the Administrator of the War Shipping Administration.

rine insurer with the resultant liability to settle and pay losses resulting from the risks insured against. In other words, we think it is clear that Section 13 saved to the libelant and all others insured under war risk insurance policies issued by the Administrator under the authority of the War Risk Insurance Act of 1940 their rights under these repealed provisions of the statute to enforce in a court having jurisdiction the liability of the United States for the payment of losses within the coverage of the policies so issued. The duty of the United States to pay these losses was undoubtedly a "liability incurred" under the repealed statute and the latter was therefore to "be treated as still remaining in force for the purpose of sustaining any proper action * * * for the enforcement of such * * * liability."[5]

But we cannot agree that Section 13 of the Revised Statutes also saved from repeal those provisions of Section 225 which granted jurisdiction to the district court to entertain the present suit for the enforcement by the plaintiff of the liability thus saved. For it seems clear to us from the language of Section 13 that it applies only to those repealed statutes which impose penalties, forfeitures or other liabilities. Only such statutes are by the section to be treated as remaining in force after repeal "for the purpose of sustaining any proper action * * * for the enforcement of such * * * liability." The reference is thus seen to be only to those provisions of repealed statutes under which substantive rights have been acquired and not to merely procedural statutes[6] such as those which confer jurisdiction upon one court rather than another to entertain litigation for the enforcement of such rights. This is the very distinction which the Supreme Court, speaking through Jus-

tice Holmes, made in the case of Hallowell v. Commons, 1916, 239 U.S. 506, 36° S.Ct. 202, 60 L.Ed. 409, and we think it is controlling here. We therefore find the conclusion to be inescapable that the jurisdiction to entertain suits for the enforcement of rights under the War Risk Insurance Act which had accrued prior to July 25, 1947 was by the Joint Resolution of repeal enacted on that date taken from the district courts in which by Section 225 it had theretofore been exclusively vested[7] and transferred to the Court of Claims under the general grant of jurisdiction to that court to entertain suits upon claims founded upon contracts with the United States.[8]

It must be remembered in this connection that by the provisions of Section 1346 of Title 28 U.S.C., which now incorporates the Tucker Act, the district courts are given jurisdiction concurrently with the Court of Claims of civil actions *and claims* against the United States founded on contracts with the United States provided the claims do not exceed $10,000 in amount. A suit in admiralty against the United States to recover on a war risk insurance policy certainly involves a claim founded on a contract with the United States, even though it is not a civil action. It is possible, therefore, that such a claim may still be prosecuted in a district court in admiralty under Section 1346, provided the claim does not exceed $10,000. It appears that the amount recovered in the McNair case was only $2,125.00. Accordingly it may well be that the Court of Appeals for the Ninth Circuit thought that the jurisdiction of the district court in that case was sustainable under Section 1346 and for this reason did not discuss the jurisdictional question which is decisive here. So regarded the case is clearly distinguishable.

We think that the decision of the Emergency Court of Appeals in 150 East 47th

---

5. See Hertz v. Woodman, 1910, 218 U.S. 205, 217, 218, 30 S.Ct. 621, 624, 54 L. Ed. 1001.

6. Compare United States v. Obermeir, 2 Cir.1950, 186 F.2d 243, 253.

7. Levine v. United States, 1948, 80 F. Supp. 674, 112 Ct.Cl. 187, certiorari de-

nied, 336 U.S. 936, 69 S.Ct. 746, 93 L. Ed. 1095.

8. On July 25, 1947, Section 145 of the Judicial Code of 1911 conferred jurisdiction upon the Court of Claims of claims against the United States founded upon contracts with the Government of the United States. This jurisdiction is now conferred by § 1491 of Title 28, U.S.C.

Street Corporation v. Porter, 1946, 156 F. 2d 541, is also distinguishable. It is true that the court in that case construed Section 1(b) of the Emergency Price Control Act of 1942, as amended, the language of which was quite similar to that of Section 13 of the Revised Statutes, to have the effect of saving the jurisdiction of the court to entertain after the termination of the Act a pending suit which had been brought under Section 204(e) of the Act, 50 U.S. C.A.Appendix, § 924(e), with leave of the district court and as ancillary to a proceeding in that court. In that case there was no statutory authority for any other court to entertain the suit in question and it was necessary for the plaintiff to maintain the suit in order to protect his rights in the proceeding pending in the district court against him. In that case the Emergency Court of Appeals said, 156 F.2d at page 544:

"We are the more persuaded that the construction which we have placed upon the language of section 1(b) is correct because it carries out the evident intent of Congress that offenses against the act prior to June 30, 1946 shall be prosecuted and rights obtained and liabilities incurred thereunder prior to that date shall be determined by suit under the provisions of the act just as if it had not terminated. The act was drawn upon the principle that exclusive jurisdiction to pass upon questions of validity should center in this court and the Supreme Court. There is no suggestion in section 1(b) that this statutory plan was to be changed with respect to litigation pending after the act's termination date and that the complex relationship between enforcement proceedings in other courts and review proceedings in this court provided by section 204 was then to be abandoned."

This construction of section 1(b) of the Emergency Price Control Act appears to have met with the approval of Congress which by subsequent legislation [9] recognized the continuing jurisdiction of the court.

9. Act of July 30, 1947, c. 361, 61 Stat. 619, amending Sec. 204(e) of the Emergency Price Control Act of 1942, which

In the present case, however, we have no such complex interrelated jurisdictional set-up to protect the rights of litigants in the district courts while at the same time insuring uniformity and promptness in the adjudication of questions affecting the validity of pertinent administrative regulations.

 Here, as we have seen, the libelant's claim was enforceable by a single suit in the district court up to July 25, 1947 and after that date by a single suit in the Court of Claims. Congress, however, made no provision for the transfer of the suit from the one court to the other on the date of repeal. We are compelled, most reluctantly in view of the time, effort and expense which have been involved in the prosecution of this suit, to conclude that the district court on July 25, 1947 lost its power to deal further with the litigation.

The decree of the district court is reversed and the case is remanded to the district court with directions to dismiss the libel for want of jurisdiction.

expired by its own terms, as last amended, on June 30, 1947.