**LEVINE v. UNITED STATES et al.**

**In re KANE'S WILL.**

United States District Court
S. D. New York.
June 9, 1953.

---

6. Franks Bros. v. N. L. R. B., 321 U.S. 702, 704, 64 S.Ct. 817, 88 L.Ed. 1020.

Bernard Lefkowitz, New York City, for libelant.

J. Edward Lumbard, U. S. Atty., S. D. New York, New York City, for respondents. Benjamin H. Berman, Atty., Dept. of Justice, New York City, of counsel.

DIMOCK, District Judge.

The respondents except to the libel which seeks to recover benefits of Government war risk insurance on the life of a civilian employee of the War Department's Army Transport Service. Libelant's decedent died on June 24, 1945, and the libel was filed in this court on June 15, 1951. The exception is taken on the ground that the suit was not commenced "within two years after the cause of action arises" as required by 46 U.S.C. § 745.

Libelant apparently contends that the suit is based on a contract of insurance and that therefore a six-year period of limitation should apply. The premise for this conclusion has been thoroughly considered in a prior litigation before the Court of Claims, Levine v. United States, 80 F.Supp. 674, 112 Ct.Cl. 187, and I do not think that it requires any further comment. There it was concluded that the claim was founded on United States statutes and governmental regulations rather than a contract of insurance.

Suits to recover on government war risk insurance policies are authorized by 46 U.S.C. § 1292. That section also provides that such suits shall be heard and determined under the provisions of the Suits in Admiralty Act, 46 U.S.C. § 741 et seq.

Libelant contends that the exception merely pleads the statute of limitations, and that the statute of limitations is a defense which must be pleaded by answer and proved upon a trial. The Supreme Court, however, has expressly

stated that in a suit under the Suits in Admiralty Act the time bar fixed by that Act is properly and sufficiently pleaded in exceptions to the libel. United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros., 276 U. S. 202, 214, 48 S.Ct. 256, 72 L.Ed. 531. The limitation period fixed by that Act is not a mere limitation; it is part of the right itself. Osbourne v. United States, 2 Cir., 164 F.2d 767. Sgambati v. United States, D.C.S.D.N.Y., 75 F. Supp. 18, and affirming opinion, 2 Cir., 172 F.2d 297. The libelant must, therefore, allege sufficient facts to show affirmatively that the suit was timely brought, otherwise an exception to the libel must be sustained. Alcoa Steamship Co. v. United States, D.C.S.D.N.Y., 94 F.Supp. 406, 408.

 Libelant argues that, in view of the statutory language that "Upon disagreement as to a loss insured under this title, suit may be maintained * *", 46 U.S.C. § 1292, the time period does not begin to run until there is a disagreement and that only upon a trial can it be shown when an actual disagreement occurred. That same section, however, also provides:

"The period within which suits may be commenced contained in sections 741–752 of this title shall, if claim be filed therefor within such period, be suspended from such time of filing until the claim shall have been administratively denied by the Secretary and for sixty days thereafter: *Provided, however*, That such claim shall be deemed to have been administratively denied if not acted upon within six months after the time of filing, unless the Secretary for good cause shown shall have otherwise agreed with the claimant."

"The period within which" a suit like this "may be commenced contained in [section 745] of this title" is "two years after the cause of action arises" but, "if claim be filed therefor within such period", the statute suspends that period "from such time of filing until the claim shall have been administratively denied by the Secretary and for sixty days thereafter". The question presented is whether "the cause of action arises" and the limitation period begins at the time of the loss or at the time of the disagreement on the claim. Since the statute provides for suspension of the period if the claim is filed within it, the period must begin at the time of the loss. The claim could not, in the nature of things, be filed during the period beginning at the time of the disagreement on the claim.

 To be effective, therefore, a claim must have been filed on or before June 24, 1947, or two years after June 24, 1945, the date of the death of libelant's decedent. A timely suit could perhaps have been brought within sixty days after the elapse of six months but that period expired sixty days after December 24, 1947. The only other timely alternative is a possible extension of the time for administrative denial by agreement between the Secretary and the claimant and a denial thereunder less than sixty days before June 15, 1951, when the libel was filed. Libelant has made no such allegation and, as above stated, his libel must show that the suit is timely. I must conclude, therefore, that the suit is barred.

Exception to the libel sustained.