Simon J. NUSBAUM, as Ancillary Administrator of the Estate of Edward J. Vaerten, Deceased, Libelant,

v.

UNITED STATES of America and The United States Maritime Commission as successor to the War Shipping Administration, under the provisions of the Merchant Marine Act as amended (U.S. C.A. Tit. 46, Sec. 1128), Respondents.

United States District Court
S. D. New York.
June 27, 1956.

George D. Cohen, New York City, proctor for libelant.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, proctor for respondents, Martin J. Norris, Atty., Dept. of Justice, Washington, D. C., of counsel.

PALMIERI, District Judge.

Libelant sues as administrator of the insured's estate to recover under a Crew Life & Injury Policy issued by the United States under the provisions of The Merchant Marine Act, 46 U.S.C. § 1128, 46 U.S.C.A. § 1128. The Government has excepted to the libel on the ground that it is barred by the applicable statute of limitations.

The insured seaman lost his life when his ship was torpedoed and sunk on October 29, 1942. Suit under the policy was instituted on October 14, 1955. On its face, therefore, the action clearly is barred by the two-year limitation of § 5 of The Suits in Admiralty Act, 46 U.S. C. § 745, 46 U.S.C.A. § 745. See 46 U.S. C. § 1128d, 46 U.S.C.A. § 1128d; Levine v. United States, D.C.S.D.N.Y.1953, 115 F.Supp. 58, affirmed, 2 Cir., 210 F.2d 954, certiorari denied 1954, 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654.

Libelant claims that the Government's right to raise this defense was waived by its agents through representations which he relied upon. The claim is based upon a long series of correspondence with the Government. The insured was a Belgian national but had named as his beneficiary a brother identified as a United States resident. Between 1946 and 1948, the Government conducted investigations which indicated that the brother had disappeared and that no other relatives were discoverable in this country. In 1946, the Belgian Consulate was advised of the death of the insured and the existence of the policy. Subsequent correspondence with the Consulate and later the libelant urged the appointment of an administrator for the insured's estate and, as late as 1952, indicated that the Government would pay the claim as soon as the administrator had been appointed. The administrator was appointed shortly thereafter, but on reconsideration, the Government is alleged to have disallowed the claim.

Although there seems no question that the libelant relied upon the Government's representations, the facts set forth afford him no basis for relief. The limitation of § 5 is part of the substantive right to recover on this policy, and the cause of action is extinguished after the running of the period. Sgambati v. United States, 2 Cir., 1949, 172 F.2d 297; Levine v. United States, supra. The limited right to sue the Government thus conferred cannot be expanded by administrative extension. United States v. Michel, 1931, 282 U.S. 656, 51 S.Ct. 284,

75 L.Ed. 598; Finn v. United States, 1887, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Marino v. United States, D.C.S.D. N.Y.1948, 82 F.Supp. 190.

Libelant has set forth no facts tending to show that the statute was tolled during any of this period. Cf. Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767; Levine v. United States, supra. He had the burden to show affirmatively that the suit was timely. Alcoa Steamship Co. v. United States, D.C.S.D.N.Y. 1950, 94 F.Supp. 406, 408. It must be concluded, therefore, that the suit is barred.

Exception to the libel sustained.