191 F.2d 862
 AMODIO
v.
RECONSTRUCTION FINANCE CORP.
 No. 562.
 United States Emergency Court of Appeals.
 Submitted August 31, 1951.
 Decided October 11, 1951.
 Rehearing Denied October 27, 1951.
 
 Paul W. Walter, D. Rusk Haverfield and F. Wilson Chockley, Jr., Cleveland, Ohio, James Perkins Parker, Washington, D. C., and Walter & Haverfield, Cleveland, Ohio, for complainant.
 J. Gregory Bruce and Maurice S. Meyer, Attys., Dept. of Justice, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY and LAWS, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complaint in this case was filed on July 11, 1951 by the complainant, a slaughterer of cattle, seeking review by this court of orders of the respondent invalidating claims of the complainant for livestock slaughter subsidy payments under Regulation No. 3 and Revised Regulation No. 3 of Defense Supplies Corporation and its successor, Reconstruction Finance Corporation. The complaint alleges that the complainant under date of December 13, 1950, filed a protest with the respondent and that the respondent informed the complainant on June 11, 1951 that it had denied the protest.
 
 
 2
 The respondent has moved to dismiss the complaint on the ground, inter alia, that it was not filed within the period required by statute and, therefore, fails to confer jurisdiction upon this court. To this motion the complainant has filed an answer and objections. Both parties have filed briefs in support of their respective contentions which we have fully considered.
 
 
 3
 The jurisdiction of this court is conferred by Section 204(a) of the Emergency Price Control Act of 1942 as amended 50 U.S.C.A.Appendix § 924(a),[1] the significant language of which follows: "Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals * * *." (Emphasis supplied.)
 
 
 4
 It is conceded that the denial of the complainant's protest was in the form of a letter dated June 7, 1951 from the respondent to the complainant's attorneys which was sent to them by the respondent by registered mail from Washington and received by them in Cleveland on Monday, June 11, 1951.
 
 
 5
 The respondent contends that the protest was denied, within the meaning of Section 204(a), on June 7th, the date of its letter of denial. If so, the complaint was filed 34 days after the denial of the protest and was clearly out of time. The complainant, on the other hand, urges that the protest may not be regarded as having been denied until the letter of denial was received by him, which was exactly 30 days before the filing of the complaint. Accordingly, he argues, the complaint was in fact filed within the time limited by Section 204(a). It will thus be seen that the basic question for our determination is whether the denial of a protest, within the meaning of Section 204(a), takes place when the respondent takes definitive action to deny it or when notice of that action is subsequently received by the protestant. Our conclusion is that the denial takes place when the action is taken by the agency, not when notice of it is later received by the protestant.
 
 
 6
 In considering the meaning of the word "denial" as used in Section 204(a) reference must be made to Section 203 of the act which lays down the protest procedure. When that section is examined it becomes clear that "denial" refers to the action by the agency and that the transmitting of notice of denial is contemplated as a separate act. Thus Section 203(a) provides that "* * * in no event more than thirty days after such filing, the Administrator [here the Reconstruction Finance Corporation] shall either grant or deny such protest in whole or in part, notice such protest for hearing, or provide an opportunity to present further evidence in connection therewith. In the event that the Administrator denies any such protest in whole or in part, he shall inform the protestant of the grounds upon which such decision is based * * *."
 
 
 7
 See also the provisions of Section 203(d).
 
 
 8
 When Congress has intended to make the time for judicial review run from the date of receipt of notice of agency action it has had no difficulty in saying so. Thus in Section 5(c) of the Federal Trade Commission Act as amended[2] it is provided that any person may obtain a review of an order of the Federal Trade Commission by filing a petition in the proper court of appeals "within sixty days from the date of the service of such order * * *." And consider, in this connection, Section 25 of the Bankruptcy Act, as amended,[3] subsection a of which provides: "Appeals under this Act to the United States courts of appeals and the United States court of appeals for the District of Columbia shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."
 
 
 9
 We find ourselves in agreement with the rule laid down by Judge Parker in Tyson v. United States, 4 Cir. 1935, 76 F.2d 533, 534, that a claim is denied by an administrative official "when he takes action denying it, not when notice of denial is received by the" claimant. See also Stallman v. United States, 8 Cir. 1933, 67 F.2d 675. It is true that these were cases involving war risk insurance and that there are other war risk insurance cases, notably United States v. Green, 6 Cir. 1936, 84 F.2d 449, upon which the complainant relies, to the contrary. It appears, however, in these later cases that there was an administrative regulation involved which provided that the period of limitation should not begin to run with respect to the denial of a claim until after the expiration of the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to the claimant's address. No such regulation is involved in the case before us. Moreover in considering these war risk insurance cases it should be remembered that Congress in 1936 amended Section 19 of the War Risk Insurance Act, 38 U.S.C.A. § 445,[4] so as to provide that a claimant should have 90 days "from the date of the mailing of notice of such denial" within which to file suit. By this amendment it would appear that Congress intended to overrule the construction placed upon the act in United States v. Green.
 
 
 10
 A question remains as to when the act of denial of the protest by the respondent actually took place. If the agency had made and entered on its records a formal order of denial, as was the practice of the Price Administrator, the date of denial would undoubtedly be the date on which such order was entered. But here the respondent merely wrote a letter to the complainant's counsel which, it stated, "should be considered a formal and final denial of your protest." We do not think that a mere letter can be said to constitute final and definitive action on the part of the writer until it is committed to the mails. Until then it is wholly subject to modification or recall at the writer's will.
 
 
 11
 Accordingly where, as here, the respondent follows the informal procedure of denying the complainant's protest by a letter addressed to his counsel the date which the letter bears is not necessarily the date of denial. For the date of a letter is customarily the date of writing. While it is usually the date of mailing also it frequently appears that a letter is not actually mailed until a later date. And if a letter denying a protest was not in fact mailed until a later date than the one it bears we are satisfied that the date of actual mailing must be regarded as the date of the denial of the protest.
 
 
 12
 Here, however, the complaint was not filed until July 11th, the 30th day after the receipt by the protestant on June 11th of the letter of denial. The letter was mailed in Washington and received in Cleveland. We may take judicial notice of the fact that a letter posted in Washington by registered mail cannot be delivered by the Post Office Department to the addressees at their office in Cleveland on the same day. The letter in this case must, therefore, have been mailed before June 11th even if it was not mailed until after its date, June 7th. In either case the date of denial of the protest would have been more than 30 days prior to the filing of the complaint. It follows that since our power is derived solely from Section 204(a) of the act we are without jurisdiction to entertain the complaint thus filed out of time.
 
 
 13
 A judgment will be entered dismissing the complaint for want of jurisdiction.
 
 
 
 Notes:
 
 
 [1]
 The section remains in force for the purposes of this case by virtue of Section 1 (b) of the act. Merchants Packing Co. v. Reconstruction Finance Corp., Em. App.1949, 176 F.2d 908, 912
 
 
 [2]
 15 U.S.C.A. § 45(c)
 
 
 [3]
 11 U.S.C.A. § 48, sub. a
 
 
 [4]
 See 38 U.S.C.A. § 445d