205 F.2d 835
 SILVER PINE OIL CO.
v.
RECONSTRUCTION FINANCE CORP.
 No. 649.
 United States Emergency Court of Appeals.
 Submitted June 26, 1953.
 Decided July 10, 1953.
 
 Lasseter, Spruiell, Lowry, Potter & Lasater, Tyler, Tex., for complainant.
 Warren E. Burger, Asst. Atty. Gen., Marvin C. Taylor and Maurice S. Meyer, Attorneys, Department of Justice, and George E. McConley, Asst. General Counsel, Reconstruction Finance Corporation, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complaint in this case was filed by Silver Pine Oil Company in this court pursuant to leave given by the United States District Court for the Eastern District of Texas in a civil action in that court between Reconstruction Finance Corporation and Silver Pine Oil Company. The action had been brought to recover certain stripper well compensatory adjustment payments which Reconstruction Finance Corporation asserted had been paid to Silver Pine Oil Company in excess of the amount to which that company was entitled under the regulations providing for such adjustment payments.
 
 
 2
 It appears that Reconstruction Finance Corporation by letter dated April 13, 1948 directed Silver Pine Oil Company to refund adjustment payments in the amount of $4,044.00. Silver Pine Oil Company did not protest this letter order or make the refund as directed. Reconstruction Finance Corporation accordingly brought the suit in the district court for the recovery of these payments to which we have referred. In that suit the district court held that the letter of April 13, 1948 constituted an order under Section 2 of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902 and that accordingly under Section 204(d) of the Act, 50 U.S.C.A.Appendix, § 924(d), it had no jurisdiction to review the validity of the order, jurisdiction to do so being vested exclusively in this court and in the Supreme Court on review. The district court entered judgment against Silver Pine Oil Company for the full amount of the claim. On application of that company the district court granted it leave to file its complaint in this court under Section 204(e) (1) of the Emergency Price Control Act, meanwhile staying execution of the judgment. Silver Pine Oil Company thereupon filed in this court the complaint which is now before us.
 
 
 3
 Reconstruction Finance Corporation has moved for the dismissal of the complaint. The motion must be granted, although not for the reasons advanced by that corporation.
 
 
 4
 In considering the motion we assume that the stripper well compensatory adjustment payments in question were production subsidy payments authorized and paid under Section 2(e) of the Emergency Price Control Act. Furthermore, we agree with the district court that the letter of April 13, 1948, was an order under Section 2 of the Emergency Price Control Act within the meaning of the protest and review provisions of Sections 203, 50 U.S.C.A.Appendix, § 923, and 204 of the Act. And finally we assume, also in agreement with the district court, that the civil action brought in that court by Reconstruction Finance Corporation against Silver Pine Oil Company, out of which this case arises, was, within the meaning of Section 204(e) (1) of the Emergency Price Control Act, brought pursuant to Section 205 of the Act, 50 U.S. C.A.Appendix, § 925, by reason of the violation of an order entered under Section 2 of the Act.
 
 
 5
 Nonetheless Section 204(e) (1) of the Emergency Price Control Act, as amended by the Supplemental Appropriation Act, 1948, approved July 30, 1947, did not authorize the district court to grant leave to file the present complaint and does not authorize this court to entertain it. The Supplemental Appropriation Act, 1948, amended the first sentence of Section 204 (e) (1) so as to read as follows:
 
 
 6
 "Within sixty days after the date of enactment of this amendment, or within sixty days after arraignment in any criminal proceedings and within sixty days after commencement of any civil proceedings brought pursuant to section 205 of this Act or section 37 of the Criminal Code, involving alleged violation of any provision of any regulation or order issued under section 2 or alleged violation of any price schedule effective in accordance with the provisions of section 206 with respect to which responsibility was transferred to the Department of Commerce by Executive Order 9841, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated or conspired to violate."
 
 
 7
 The effect of the foregoing amendment was to limit the scope of Section 204(e) (1) to cases involving regulations or orders with respect to which responsibility was transferred to the Department of Commerce by Executive Order 9841, 50 U.S. C.A.Appendix, § 601 note. It was expressly so held by the Supreme Court in Woods v. Hills, 1948, 334 U.S. 210, 68 S.Ct. 992, 92 L.Ed. 1322. That case involved a rent order with respect to which responsibility had been transferred by Executive Order 9841 to the Housing Expediter rather than the Department of Commerce. The Supreme Court held that as a result of the amendment this court would not have jurisdiction of a complaint under Section 204(e) (1) of the Act with respect to the rent order involved in that case. When we turn to Executive Order 9841, 50 U.S.C.A.Appendix, § 601, we observe that by Section 202 (c) thereof functions with respect to subsidies, including determinations of the correct amounts of claims and the recovery of overpayments, were transferred to Reconstruction Finance Corporation rather than to the Department of Commerce. It necessarily follows under the authority of Woods v. Hills that this court does not have jurisdiction under Section 204(e) (1) of the Emergency Price Control Act, as amended by the Supplemental Appropriation Act, 1948, to entertain a complaint involving an order, such as is here involved, directing the refund of subsidy payments.
 
 
 8
 In Woods v. Hills the Supreme Court also held that in spite of the amendment of Section 204(e) (1) of the Emergency Price Control Act by the Supplemental Appropriation Act, 1948, this court retains its exclusive jurisdiction under Section 204(d) of the Act to pass upon the validity of rent regulations and orders issued under Section 2 of the Act. The court pointed out that since under Section 203(a) of the Act protests against regulations or orders may be filed at any time the exclusive jurisdiction of this court could still be invoked with respect to rent regulations and orders by the filing of a protest under Section 203(a) and, upon its denial, by the filing of a complaint in this court under Section 204(a) of the Act. The Supreme Court indicated that in such a situation the enforcement court could, if the facts warranted, withhold judgment or stay proceedings in order to enable the defendant to procure by the protest route a determination of the validity of the regulation or order involved in the enforcement action.
 
 
 9
 It would appear, therefore, that Silver Pine Oil Company may not be wholly without remedy in the present situation. For it would seem to be still possible for it to protest the letter order of April 13, 1948 and, if its protest is denied, to secure a judicial determination of the validity of that order by this court under Section 204 (a) of the Act. If such a determination should ultimately be made in its favor it would appear that Silver Pine Oil Company would be entitled to have the judgment of the district court vacated under Section 204(e) (2) of the Act. Such relief could be granted by the court on motion under Fed.Rules Civ.Proc. rule 60(b) (6), 28 U.S.C.A. It may well be, therefore, that if Silver Pine Oil Company should promptly file a protest against the letter order of April 13, 1948 the district court, upon a proper showing, might stay execution of its judgment under Civil Procedure Rule 62(b) pending the termination of the protest proceeding. Whether Silver Pine Oil Company could make the showing necessary to obtain such a stay would, of course, be a matter wholly for the district court to decide in the exercise of its discretion. We, therefore, express no opinion upon it.
 
 
 10
 A judgment will be entered dismissing the complaint.