**UNITED STATES of America,**
**Appellant,**

v.

**Frank L. SMITH, Appellee.**

**No. 15505.**

United States Court of Appeals
Ninth Circuit.

April 1, 1958.

George S. Leonard, Acting Asst. Atty. Gen., Seymour Farber, Samuel D. Slade, B. Jenkins Middleton, Attys., Dept. of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Thomas B. Brand, Asst. U. S. Atty., Portland, Or., for appellant.

Maguire, Shields, Morrison & Bailey, Walter J. Cosgrave, H. Kent Holman, Portland, Or., for appellee.

Before FEE, CHAMBERS and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This action was brought by the United States to recapture meat subsidy payments which were made to defendant, Frank L. Smith, in 1945. The trial court directed a verdict for defendant. The government moved for an order setting aside the verdict and for judgment in its favor. In doing so, it suggested that the court might stay execution of the judgment, if entered for the government, to enable defendant to obtain a hearing before the United States Emergency Court of Appeals. Without passing on this motion, the court entered judgment for defendant on the verdict.

The government then filed, as an alternative to the above motion, a motion for a new trial. It again suggested that, upon entry of judgment for plaintiff, execution be stayed to permit defendant to seek relief in the United States Emergency Court of Appeals. Both motions were denied. The government appeals from the judgment and from the order denying these motions.

The facts are not in dispute. In 1945 and 1946, Smith, a meat slaughterer doing business in Portland, Oregon, made a claim for and received monthly meat subsidies under the livestock slaughter subsidy program.[1] In 1946, a hearing commissioner of the Office of Price Administration determined that Smith had violated the provisions of an applicable control order by slaughtering cattle and calves in excess of his quotas during June, July, and August, 1945. The Office of Price Administration certified this fact to the Reconstruction Finance Corporation.

The latter agency, acting under the mandatory provisions of § 7(b) (2) of Directive 41 of the Office of Economic Stabilization, 10 F.R. 4494, thereupon invalidated the subsidy payments already made to Smith for those months. The payments invalidated aggregated $37,839.67. Of this amount, $9,528.58 was recovered by application of the government's claim to Smith's subsidy claim for June, 1946. This left a balance due on the government's claim of $29,244.74.

On December 15, 1950, Smith filed a telegraphic protest with Reconstruction Finance Company.[2] He requested a review of the orders settling his subsidy

---

1. The purpose of this program was to obtain the required production of commodities determined by the President to be strategic and critical. Meat was defined by the President as such a commodity. The program was authorized and administered pursuant to § 2(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.Appendix (1946 ed.) § 902; the Stabilization Act of 1942, as amended, 50 U.S.C.Appendix (1946 ed.) §

961 et seq., and certain executive orders, directives, and regulations, which, for the most part, are not here relevant.

2. This was pursuant to § 203(a) of the Emergency Price Control Act of 1942, supra, 50 U.S.C.Appendix (1946 ed.) § 923(a), which reads in part as follows:
   "At any time after the issuance of any regulation or order under section 2, or in the case of a price schedule, at any time

account, and stated that supporting data and further information would be submitted at an early date. According to Reconstruction Finance Corporation records, this protest was denied in a letter addressed to Smith, dated June 25, 1951.

On February 2, 1956, the government instituted this action for restitution of the invalidated subsidy payments. Smith's answer amounted to a general denial. At the trial, Smith specifically denied receipt of the letter of June 25, 1951, denying his protest.

The government was unable to offer any evidence bearing upon the question of whether or not the letter of June 25, 1951, had in fact either been deposited in the mails by Reconstruction Finance Corporation, or received by appellee. The government therefore conceded that, as a matter of law, at the time of the trial, the protest was still pending before that agency, and the validity of the protested order had not yet been determined. Smith offered no defense other than nonaction on his protest.

Under these circumstances, the course which the government suggested to the trial court was that judgment be entered for the government, but that execution be stayed "pending an attempt on the part of the defendant to get a hearing in the Emergency Court of Appeals." The trial court did not accept this suggestion, but instead entered judgment for defendant upon the directed verdict which had previously been entered.

On this appeal, the government has changed its position somewhat. It no longer argues that a judgment should be entered for the government with execution stayed pending an appeal by Smith to the Emergency Court of Appeals.[3] The government now concedes that Smith presently has no right of appeal to that court since, in view of the hiatus in the government's proof, it must be held that the validity of the protested order has not yet been determined by the federal agency.[4]

The relief for which the government now asks is that the case be reversed and remanded with directions to the district court to enter judgment for the United States,

"* * * subject to being vacated should either of the forums having jurisdiction to pass upon the merits of the Government's claim, as embodied in the RFC order, determine that the claim is invalid. The district court should be further directed to stay execution of this judgment, pending such reconsideration as the General Services Administration, successor to RFC in this matter, may deem it necessary to give to appellee's protest before

after the effective date thereof specified in section 206, any person subject to any provision of such regulation, order, or price schedule may, in accordance with regulations to be prescribed by the Administrator, file a protest specifically setting forth objections to any such provision and affidavits or other written evidence in support of such objections. * * *"

3. The government also advanced another argument in the trial court, which it does not now press. Concerning Smith's asserted nonreceipt of the letter denying his protest, the government argued in the trial court that, even if Smith had not received the letter when it was first issued, he received it as an attachment to the complaint on February 8, 1956. Smith's failure to appeal the denial of his protest to the Emergency Court of Appeals within thirty days after such receipt, the government contended, precluded any action by the trial court which would have the effect of nullifying the order invalidating the subsidies. The government does not now rely upon this argument.

4. The jurisdiction of the United States Court of Appeals may be invoked by a complainant only after his protest has been denied by the federal agency. Safeway Stores, Inc. v. Brown, Em.App., 138 F.2d 278, 279. The agency's failure to act upon a protest, if unreasonably prolonged, may give rise to a right to a mandatory order against the agency by the United States Emergency Court of Appeals. Such failure to act, however, does not operate either as a decision by default in favor of the protestant or as a denial of his protest. Rabkin v. Bowles, Em.App., 143 F.2d 600, 601.

making a final and effective disposition thereof; and pending such efforts to seek review in the Emergency Court of Appeals as may prove necessary or an appellee may deem advisable."[5]

 This course has been held to be proper where, at the time the Reconstruction Finance Corporation instituted such a suit, the agency order giving rise to the debt had not been protested.[6] In such a case, the debt has matured and judgment may properly be entered. The stay of execution of such a judgment, to give the judgment debtor an opportunity to institute an agency review, is a discretionary exercise of the inherent power of the trial court.

In the case before us, however, the Reconstruction Finance Corporation order establishing the debt was not final when the suit was begun, for there was a protest pending before that agency. See Amodio v. Reconstruction Finance Corporation, Em.App., 191 F.2d 862, 864. The protest is still pending. This being the case, the government is not entitled to a judgment based upon that order, with or without provision for stay of execution and possible vacation.

On the other hand, the judgment which was entered, being in effect with prejudice, forecloses the government from instituting a new suit after taking steps to make the Reconstruction Finance Corporation order final. The only defense which Smith raised in the trial court was that the suit was premature. Such a defense, though well taken, does not warrant dismissal of an action with prejudice.

The judgment is therefore reversed and the case is remanded, with directions to enter judgment dismissing the action without prejudice. In this court, each party will bear his own costs.

---

5. The Reconstruction Finance Corporation was dissolved, effective June 30, 1957. Its functions in connection with the matters here in issue were transferred to the Administrator of the General Services Administration. Reorganization Plan No. 1 of 1957, July 2, 1957, 22 F.R. 4633.

6. See Silver Pine Oil Co. v. Reconstruction Finance Corp., Em.App., 205 F.2d 835; Id., Em.App., 222 F.2d 721; Reconstruction Finance Corp. v. Service Pipe Line Co., 10 Cir., 198 F.2d 775; Id., 10 Cir., 206 F.2d 814; Service Pipe Line Co. v. R.F.C., Em.App., 217 F.2d 312. In Woods v. Hills, 334 U.S. 210, 218, footnote 9, 68 S.Ct. 992, 996, 92 L.Ed. 1322, however, it was suggested that, under such circumstances, "the District Court can withhold judgment so that it may give effect to any determination by the Housing Expediter or the Emergency Court of Appeals that might result from the defendant's pursuit of this remedy."