**CLACKAMAS MEAT COMPANY, Inc., an Oregon corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15682.**

United States Court of Appeals Ninth Circuit.

April 1, 1958.

---

934

Maguire, Shields, Morrison & Bailey, Walter J. Cosgrave, H. Kent Holman, Portland, Or., for appellant.

George C. Doub, Asst. Atty. Gen., Paul A. Sweeney, Samuel D. Slade, B. Jenkins Middleton, Seymour Farber, Attys., Dept. of Justice, Washington, D. C., C.

E. Luckey, U. S. Atty., Portland, Or., for appellee.

Before FEE, CHAMBERS, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This action was brought by the United States to recapture meat subsidy payments which were made to defendant, Clackamas Meat Company, Inc., in 1945 and 1946. Following certain proceedings which will be discussed, summary judgment was entered for the government. Defendant's motion to set aside the judgment was thereafter denied. Defendant appeals.

Clackamas Meat Company, Inc., is a meat slaughterer doing business in Clackamas, Oregon. It made claim for and received monthly meat subsidies under the livestock slaughter subsidy program, for the period from May, 1945, through October, 1946.[1] A government auditor thereafter concluded that there were errors in the claims for these months. It was also concluded that there had been a failure to comply with administrative regulations requiring preservation of records supporting subsidy payments.

For these reasons, an administrative finding was entered, to the effect that the claims, which had been paid, were invalid. The Reconstruction Finance Corporation then issued two letters, dated December 18, 1947, invalidating the claims and asserting claims receivable in the total amount of $16,472.81, plus interest.[2]

This action to recover the invalidated subsidy payments, together with interest, was filed on April 24, 1956. On May 29, 1956, the government filed a request for admission of facts and authenticity of documents. Among other things, the company was asked to admit that, after receiving the Reconstruction Finance Corporation letters of December 18, 1947, the company made no protest

---

1. The purpose of this program is discussed and the statutory authority cited in United States v. Smith, 9 Cir., 254 F.2d 930.

2. The company admits that subsidy payments in the amount of $147.90 were properly invalidated.

to any federal agency, or that if any protest was made, it was denied.

On August 13, 1956, the company answered the request for admissions, and in response to the particular inquiry referred to above, said "denied." On the same day, the company filed an answer consisting of a general denial, three defenses, and a "counterclaim" in the sum of $16,324.91.[3] In the first of these defenses, it is alleged that, following issuance of the Reconstruction Finance Corporation orders of December 18, 1947, the company duly protested such orders. It is further alleged that there has been no determination of this protest.

The government filed a reply on October 1, 1956, in which it denied the allegation that a protest had been filed and not determined. On March 25, 1957, however, the government filed a motion to stay proceedings "pending the outcome of an administrative appeal heretofore granted the defendant, Clackamas Meat Co., Inc., by the Reconstruction Finance Corporation." In an affidavit filed in support of this motion, it was stated that, in view of the company's allegations respecting the filing of a protest, it appeared that the company had in fact protested the orders in question.

On April 8, 1957, the district court denied the motion for stay, and set the case for trial on April 16, 1957. On the latter date, the case was reset for trial on April 29, 1957. It was provided in this order, which is evidenced only by a docket entry, that the case might be referred to the Reconstruction Finance Corporation by the parties before that date, and that, if so referred, the trial date of April 29, 1956, would be stricken. It was further ordered that, if the parties desired a trial after consideration by the Reconstruction Finance Corporation, such a request would have to be made by June 10, 1957.

On May 27, 1957, the government filed a motion for summary judgment, accompanied by the affidavit of an assistant United States attorney. It was therein stated that the Reconstruction Finance Corporation had not, as of May 2, 1957, received any protest or appeal from the company.

A hearing was had on this motion. Counsel for the company stated, in effect, that it was the company's position that, as matters then stood, the government could not make out a case, because the protest had not been acted upon. He stated that he believed that the court had indicated a contrary view, "but I believe it is purely, Your Honor, a legal question."[4] Upon inquiry from the court, counsel for the company stated that the company had taken no further action since the stay of the proceedings had been ordered. The court thereupon granted summary judgment for the government in the amount of $22,780.80.

On this appeal, the only contention advanced in appellant company's brief is that the government was not entitled to a summary judgment, because there was

---

3. This sum is the identical amount, less an item of interest, demanded of the company in one of its orders of December 18, 1947. Since the company had received and retained this sum, it had no true counterclaim against the government for recovery of the amount. The prayer of the answer does not ask for judgment in that amount. It does ask for judgment in the sum of $10,000. The record does not reveal the basis of this claim.

4. This comment appears to be limited to the defense based on failure of the agency to act on a pending protest. At the previous hearing, however, counsel for the company indicated that he believed that the whole case turned on a question of law. He said: "I think, Your Honor, that actually the case goes on a matter of law * * *" On this appeal, the company urges, as the only unresolved issue of fact, the question of whether a protest was filed with the Reconstruction Finance Company. This would seem to indicate that the other defenses and "counterclaim" has been abandoned, or that they were controlled by the same question of law which was involved in the first defense concerning nonaction on the protest. In view of the conclusions stated in this opinion, we need not resolve this uncertainty.

a genuine issue as to a material fact. The company argued that the allegation in its first defense, that a protest was duly filed, and the denial thereof in the government's reply, raised a genuine issue as to a material fact.

■ A motion for a summary judgment may not be granted if there is a genuine issue as to any material fact.[5] The government does not contend that, if there were here a question concerning the timely filing of a protest, it would not be a genuine issue of fact in this case. It argues, however, that there was no such question in this case. In this connection, we are told that, after filing its reply in which the filing of such a protest was denied, the government revised its position.

This has reference to the government's motion of March 25, 1957, for a stay of proceedings "pending the outcome of an administrative appeal heretofore granted the defendant, Clackamas Meat Co., Inc., by the Reconstruction Finance Corporation."[6] In an affidavit filed in support of this motion, the government conceded that the company "did make an administrative protest following receipt of the letters of December 18, 1947. * * *" This concession, if it stood alone, would constitute agreement with the company that such a protest had been filed, and would thus remove any question as to this material issue.

At a later point in the same affidavit, however, it is recited: "I am informed and therefore believe and declare herein, that defendant desires to further perfect its administrative appeal, demand a complete administrative hearing, and exercise its statutory right to a hearing before the United States Emergency Court of Appeals. * * *" This would appear to indicate that the government believed that, although the company had filed a protest, it still had the burden of taking some further action before it could gain a review before the administrative agency.[7]

As before indicated, this motion for a stay was denied. In connection with the later resetting of the case for trial, however, the court ordered that the case "may be referred to the Reconstruction Finance Committee [Corporation] before April 29, 1957, *by the parties* and that the trial date of April 29, 1957, be stricken if the case is referred. * * *" (Emphasis supplied.)

The use in this order of the words "may be referred" implies that the matter had not yet been referred to that agency. However, in view of the concession the government had already made, the court may not have meant that no protest had been filed. The intended meaning of these words may have been that something in addition to the protest had to be done before the matter could be said to be "referred" to the agency. The nature of the supposedly necessary additional step is not disclosed. It was one, however, which was not the sole responsibility of the company, for the court used the words "by the parties."

The uncertainties arising from the language of this order were not dispelled

---

5. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A.; New and Used Auto Sales, Inc., v. Hansen, 9 Cir., 245 F.2d 951.

6. Other than this recital in the motion to the stay proceedings, there is nothing in the record to indicate that the Reconstruction Finance Corporation had "heretofore" granted the company an administrative appeal.

7. The company had no such burden. Section 203(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.Appendix (1946 ed.) § 923(a), places upon the agency the burden of going forward after the filing of a protest. This section reads, in part:

"* * * Within a reasonable time after the filing of any protest under this subsection, but in no event more than thirty days after such filing, the Administrator shall either grant or deny such protest in whole or in part, notice such protest for hearing, or provide an opportunity to present further evidence in connection therewith."

There is nothing in the record to indicate that the agency took any of the steps specified in this statute.

when the government moved for a summary judgment. In an affidavit filed in support of this motion, an assistant United States attorney stated that the court had ordered stricken the April 29, 1957, trial "if, prior to the 29th day of April, 1957, the Clackamas Meat Co., Inc., instituted an appeal with the Reconstruction Finance Corporation." This was not a correct statement. The stay order was not made dependent upon the company instituting an appeal to the agency, but upon both parties referring the matter thereto.

The government affidavit then states:

"I am informed by letter from the United States Department of Justice, dated May 6, 1957, and therefore believe and declare herein, that the Reconstruction Finance Corporation received no *protest* nor appeal from the defendant, Clackamas Meat Co., Inc., as of the 2nd day of May, 1957." (Emphasis supplied.)

It is fair to infer from the use of the word "protest" in this affidavit that the government was returning to its original position, that no protest had ever been filed.[8] If so, a genuine issue of material fact re-entered the case, and entry of a summary judgment would, for that reason, be improper.

It may be that, read in context with the affidavit as a whole, and in connection with prior proceedings, the quoted language should be construed as meaning that the company filed no further protest and took no other action before the agency after filing the original protest. If so construed, there was no genuine issue of a material fact brought back into the case, for the company concedes that it took no further action after lodging the original protest.

■ Viewing the facts as undisputed, however, the government was still not entitled to a summary judgment. Such a judgment is not to be entered unless the moving party is entitled to judgment as a matter of law. Rule 56(c), supra. As before stated (footnote 7), the burden of going forward with administrative action, after the company filed its protest, was upon the government, and not the company. Having failed to do so, the agency order on which this action is based cannot be considered as final, and this suit is premature. United States v. Smith, 9 Cir., 254 F.2d 930.

■ It is true that, in its brief on appeal, the only contention advanced by the company was that a summary judgment could not be entered because there was a genuine issue as to a material fact. The question of law which has just been discussed was, however, dealt with in the government's brief. In this connection, the government made reference to the brief it had filed in the Smith case, decided today, in which the same question was argued at length. This question was also discussed during the oral argument on the instant appeal.

In view of these circumstances, and in the light of the uncertainties as to the government's position in the trial court on the factual question concerning the filing of a protest, we are not disposed to regard the legal question as foreclosed because of the limited scope of the company's brief.

The judgment is therefore reversed and the cause is remanded, with directions to enter judgment dismissing the action without prejudice.

---

8. There are statements in the government's brief on appeal which also seem to question whether the company had ever filed an effective protest. It is stated in this brief:

"When it became apparent in the court below that appellant had in fact earlier attempted to lodge a protest with RFC, the court, at the Government's urging, quite properly gave appellant an opportunity, subject to time limitations, to go before the administrative agency in order to perfect its previously-aborted attempt at protest. * * *" (page 19)

"It will be noted that the original concession by the Government that appellant 'did make an administrative protest' was based upon the allegations of appellant, and not upon any information within the actual knowledge of the Government in general or RFC in particular." (page 17, footnote 11.)